CRAFTSMEN, INC. *v.* LORRAINE YOUNG
(7195)

DUPONT, C. J., DALY and JACOBSON, Js.

Argued March 2—decision released May 23, 1989

*Philip R. Mancini III,* with whom, on the brief, was *Linda M. Guliuzza,* for the appellant (plaintiff).

*Todd R. Bainer,* for the appellee (defendant).

*Clarine Nardi Riddle,* acting attorney general, *Joseph I. Lieberman,* former attorney general, and *Stephen R. Park, Neil G. Fishman* and *Robert Langer,* assistant attorneys general, filed a brief for the State of Connecticut as amicus curiae.

Dupont, C. J. This appeal involves the plaintiff's claim for damages based upon breach of contract and quantum meruit. The plaintiff appeals from the trial court's granting of the defendant's motion for summary judgment, claiming that the court erred in holding that the contract between the parties was invalid and unenforceable under General Statutes § 20-429 (a) of the Home Improvement Act and § 42-135a of the Home Solicitation Sales Act.

The plaintiff's complaint specifically alleged that it prepared an estimate for work to be performed, at the request of the defendant, in order to facilitate the defendant's purchase of property owned by the New Haven Redevelopment Agency. The complaint further alleged that the defendant requested that the plaintiff begin demolition work on the premises and, in accordance with the defendant's request and specifications, the plaintiff performed the demolition work. Despite demand, the defendant allegedly refused to pay for the services rendered by the plaintiff. The plaintiff thereafter initiated the present action against the defendant for payment for goods and services rendered. The defendant counterclaimed against the plaintiff, alleging that the plaintiff contracted to undertake an entire renovation and rehabilitation of the premises and that the plaintiff defaulted by abandoning the job without explanation, with only an insignificant portion of the overall job completed.

The plaintiff's first claim is that the trial court erred in granting the defendant's motion for summary judgment on the basis that the contract between the parties was invalid and unenforceable under General Statutes § 20-429 (a) of the Home Improvement Act.

In evaluating the propriety of a summary judgment, we are confined to an examination of whether the "pleadings, affidavits and any other proof submitted

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; *State* v. *Hossan-Maxwell, Inc.,* 181 Conn. 655, 657 n.1, 436 A.2d 284 (1980).

"A 'genuine' issue has been variously described as 'triable,' 'substantial' or 'real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence. . . . Hence, the 'genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A 'material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case. . . . 'Issue of Fact' encompasses not only evidentiary facts in issue but also questions as to how the trial would characterize such evidentiary facts and what inferences and conclusions it would draw from them." (Citations omitted.) *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 378–79, 260 A.2d 596 (1969).

In its memorandum of decision, the trial court found that it was undisputed by the parties that the contract between them was oral. Concluding that § 20-429 (a) of the Home Improvement Act rendered oral contracts for home improvements unenforceable, the court granted the defendant's motion for summary judgment.

Section 20-429 (a) provides: "No home improvement contract shall be valid unless it is in writing and unless it contains the entire agreement between the owner and the contractor." The operative effect of § 20-429 (a) depends on whether the work contemplated by the parties constitutes a "home improvement" within the

meaning of § 20-419 (4).[1] Our review of the pleadings, supporting affidavits and interrogatories submitted by the parties reveals that a genuine factual dispute exists as to the subject matter of the oral contract contemplated by the parties.

In the plaintiff's reply to the defendant's special defense based on the Home Improvement Act; General Statutes §§ 20-419 and 20-429 (a); the plaintiff admitted that the action was brought upon an oral contract, yet denied the remainder of the defendant's special defense. The plaintiff consistently maintained that the services contemplated by the contract were limited to exploratory and demolition work and the removal of debris. The defendant, in her responsive pleadings and supporting affidavit, alleged that the work contemplated by the contract was not limited to exploratory work but, rather, also encompassed complete rehabilitation and renovation of the premises.

"In passing on a defendant's motion for summary judgment, the trial court is limited to deciding whether

[1] General Statutes § 20-419 (4) provides: " 'Home improvement' includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and water-proofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. 'Home improvement' does not include: (A) The construction of a new home; (B) the sale of goods by a seller who neither arranges to perform nor performs, directly or indirectly, any work or labor in connection with the installation or application of the goods or materials; (C) the sale of goods or services furnished for commercial or business use or for resale; (D) the sale of appliances, such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; (E) any work performed by the owner on his own premises."

an issue of fact exists, but in passing on that motion it cannot try that issue if it does exist." *United Oil Co.* v. *Urban Redevelopment Commission,* supra, 377. As evidenced by the pleadings, affidavits and other proofs submitted, there is a genuine issue of material fact to be resolved by the trier about the type of work that was contemplated by the parties under the oral contract. That issue of fact is whether the contract was limited to exploratory and demolition work, or, as the defendant·contends, included complete restoration and rehabilitation. Because there are genuine issues of material fact to be determined, the court erred in granting the defendant's motion for summary judgment.

The plaintiff's next claim is that the trial court erred in granting the defendant's motion for summary judgment on the basis that the contract was invalid and unenforceable under General Statutes § 42-135a of the Home Solicitation Sales Act.[2] Specifically, the plaintiff contends that the Home Solicitation Sales Act is inapplicable to the oral contract of the parties in that the services rendered by the plaintiff were not "consumer goods or services"; General Statutes § 42-134a (b); and that the plaintiff was not a "seller" as defined by § 42-134a (c).

The trial court found that there was undisputed evidence indicating (1) that there was no signed written agreement, (2) that the plaintiff met with the defendant at her home on at least one occasion, and (3) that any negotiations or "contract talks" occurred at a place other than the place of the business of the seller. Relying on *Maisano Bros., Inc.* v. *Halprin,* 36 Conn. Sup. 271, 418 A.2d 97 (1980) (the installation of an asphalt driveway constitutes "consumer goods and services" as used in § 42-134a (a) definition of "home solicitation

[2] General Statutes § 42-135a provides in pertinent part: "No agreement of the buyer in a home solicitation sale shall be effective if it is not signed and dated by the buyer  . . . ."

sale"), the trial court held that the services rendered by the plaintiff, exploratory and demolition work and the removal of debris, fell within the meaning of "consumer goods and services." General Statutes § 42-134a (b). The trial court therefore concluded that the contract in question was not enforceable under the Home Solicitation Sales Act. General Statutes § 42-135a.

Section 42-134a (b) defines "consumer goods and services" as: "goods or services purchased, leased, or rented primarily for personal, family, or household purposes . . . . " In the plaintiff's reply to the defendant's special defense of the Home Solicitation Sales Act; General Statutes §§ 42-134a et seq. and 42-135a; the plaintiff admitted that the action was brought upon an oral contract, yet denied the remainder of the special defense, disputing that the exploratory, demolition work and the removal of debris performed were "consumer goods and services" because they were not for "personal, family or household purposes." General Statutes § 42-134a (b). The pleadings, affidavits and other proof submitted in connection with the defendant's motion for summary judgment reflect a genuine dispute between the parties about whether the work performed by the plaintiff was for "personal, family or household purposes." This genuine factual issue must be resolved by the trier and may not be disposed of by summary judgment.

The plaintiff last claims that the trial court erred in granting the defendant's motion for summary judgment without addressing the plaintiff's claim for damages under the theory of quantum meruit. Because of our disposition of the plaintiff's first two claims it is unnecessary to consider this claim.

There is error, the judgment is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.