[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The following facts are alleged in plaintiff's amended complaint. In May of 1987 the plaintiff Bard Culbertson d/b/a Sterling Development Co., entered into an oral agreement with the defendants Arthur Brandon and Christine Brandon for construction of a 1,040 square foot addition onto their home in New Canaan, Connecticut. The Brandons agreed to pay bi-weekly on the basis of cost plus 10 percent profit plus 6 percent overhead. In December of 1987, the defendants ceased making payments to the plaintiff as they came due, citing overbilling and sub-standard workmanship as the reasons. Defendants have not made payments since mid-December.
On March 16, 1989 the plaintiff filed a seven count amended complaint alleging that he has suffered $229,864.86 in damages as a result of defendants failure to pay on the oral agreement. Counts one through four claim breach of contract, breach of oral contract, restitution and quantum meruit respectively.
Although it is not entirely clear from the pleadings exactly what tort theory is asserted in count five, presumably it is tortious interference with a business relationship. Count six is a claim for fraud and negligent misrepresentation and count seven is for fraud and intentional misrepresentation.
Defendants filed an answer and special defense on July 10, 1989. Plaintiff filed a response to the special defense on September 28, 1989.
On December 21, 1989 defendants filed a motion for summary judgment stating that "this [plaintiff's] action is barred by the Home Improvement Act, Chapter 400 of Connecticut General Statutes, in particular 20-429. . . ." Defendants did not attack any of the counts specifically.
As required by Conn. Practice Bk. 380, defendants filed a memorandum in support of their motion for summary judgment and plaintiff timely filed a memorandum in opposition.
"The [summary] judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CT Page 3739 Conn. Practice Bk. 384 (rev'd to 1978 as updated to October 1, 1990).
In his memorandum of law, defendant claims that plaintiff's claim is barred by Conn. Gen. Stat. 20-429 (a)(2) which states that "[n]o home improvement contract shall be valid or enforceable against an owner unless it. . . is signed by the owner and the contractor."
In Caulkins v. Petrillo, 200 Conn. 713 (1986), the court stated that "[t]he language of 20-429 is clear and unambiguous: `No home improvement contract shall be valid unless it is in writing. . . .' The use of the word "no" in the statute is self-explanatory. The use of the word "shall" by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive." Id. at 717.
Since the filing of this motion the Connecticut Supreme Court has again addressed the issue of whether recovery under theories of restitution and quantum meruit is available to a plaintiff despite this statute. On this point the court said, "[o]ur conclusion in Caulkins that the legislature `intended no exceptions' to the written contract requirement, even for restitution when a contractor has fully performed its obligations under the invalid agreement, thus applies with equal force to the plaintiff's claim for quasi contractual recovery in this case." Barrett Builders v. Miller, 215 Conn. 316, 317 n. 1 and at 322 (1990). "[W]e are persuaded that strict compliance with the mandate of the statute is inconsistent with permitting recovery in quasi contract." Id. at 326.
Contrary to plaintiff's contention that the legislature never intended to create a statute that abbrogated contractor's common law remedies, the court said, "[w]e recognize that our decision may lead to a harsh result where a contractor in good faith but in ignorance of the law performs valuable home improvements without complying with 20-429. We are unpersuaded that this deficiency in the statute is within our power to remedy." Id. Since plaintiff admits that there was no written agreement between the parties, any claims that the plaintiff has, based on quantum meruit and restitution, are barred by Conn. Gen. Stat. 20-429; Sidney v. DeVries. 215 Conn. 350
(1990).
In his memorandum, plaintiff contends that in Craftsman, Inc. v. Young, 18 Conn. App. 463 (1989) the court determined that exploratory and demolition work was excluded from the definition of home improvements, and thus recovery for these services would not be barred by Conn. Gen. Stat. 20-429. The holding in Craftsman is not analogous to this case. In Craftsman the court CT Page 3740 said, "there is a genuine issue of material fact to be resolved by the trier about the type of work that was contemplated by the parties under the oral contract. That issue of fact is whether the contract was limited to exploratory and demolition work, or as the defendant contends, included complete restoration and rehabilitation. Because there are genuine issues of material fact to be determined, the court erred in granting the defendant's motion for summary judgment." Id. at 466-67.
In the instant case there is no factual issue. The parties admit in both pleadings and affidavits that the subject of the contract was an addition onto defendant's home. A "home improvement" is defined as ". . . [an] addition to any land or building. . . used as a private residence. . . ." Conn. Gen. Stat.20-429 (4). An addition to a home falls under the definition of a home improvement as set forth in Conn. Gen. Stat. 20-429 (4). The holding in Craftsman is inapplicable to the instant case since no genuine issue of fact exists as to the nature of work performed by plaintiff pursuant to the subject oral contract.
In his memorandum, plaintiff further contends that some of the work that he performed, namely design and layout services, interior decorating, plumbing and electrical work, painting and moving are not included in the definition of home improvements. The Home Improvement Act states in pertinent part:
 (4) "Home improvement" includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of. . . landscaping, fences, doors and windows . . . in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place. . . . "Home improvement" does not include: (A) The construction of a new home; (B) the sale of goods by a directly or indirectly, any work or labor in connection with the installation or application of the goods or materials . . . (D) sale of appliances, such as stoves, refrigerators, freezers, room air conditioners and others which are designed for and are easily removable from the premises without material alteration thereof; (E) any work performed by the owner on his own premises. Conn. Gen. Stat. 20-419 (4) (rev'd to 1989). CT Page 3741
Plaintiff contends that because services he performed are not specifically included in this definition, they are outside the scope of the statute. The list of activities that the legislature included as home improvements is prefaced by the phrase "includes but is not limited to." Additionally, the legislature listed five activities not included in home improvements: the construction of a new home; the sale of goods by a seller who is not involved with the actual construction; sale of goods and services for commercial use; the sale of appliances; or any work performed by the owner. A general rule of statutory construction is that when the legislature lists specific exceptions to a statute, "[a]bsent evidence to the contrary, `statutory itemization indicates that the legislature intended the list to be exclusive.'" Hall Manor Owner's Assn. v. West Haven, 212 Conn. 147, 156 (1989).
All of the activities that the plaintiff argues should be construed as statutory exclusions are precisely the type of activities that the statute meant to include, i.e. the "construction, replacement, installation or improvement. . . in connection with such land or building . . . which is used as a private residence or dwelling." Conn. Gen. Stat. 20-419.
In his affidavit, plaintiff claims to have sold appliances to the defendants. It is his contention that since Conn. Gen. Stat. 20-429 (4)(D) specifically excludes the sale of appliances from the list of home improvements, a question of fact exists sufficient to defeat the defendant's motion for summary judgment.
The plaintiff does not allege that he sold appliances to the defendants. He alleges only that he "furnished materials and rendered services in the construction, erection and improvement of a certain building . . . ." The plaintiff does make reference to the sale of appliances in paragraph seven of his affidavit, included with a list of materials and services supplied to defendants. He offers no additional proof as to the type of appliance, when they were sold or the price paid.
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. `Mere assertions of fact. . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380.'" State v. Goggin, 208 Conn. 606, 616 (1988).
Plaintiff did not sufficiently allege the sale of CT Page 3742 appliances in his complaint. The allegation shall not be allowed to defeat a motion for summary judgment simply because it is now asserted, without supporting evidence, in an affidavit.
Plaintiff, in count five, claims damage to his business reputation as a result of defendant's breach of contract. Count six rests upon theories of unjust enrichment and detrimental reliance plaintiff again claims damage to his business reputation. Count seven contains allegations of unfair trade practices under the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. 42-110a.
As is evident by the nature of these claims, they are dependent upon a finding of the existence of a contract. The fact that these claims appear in the guise of tort is immaterial.
The Home Improvement Act, Conn. Gen. Stat. 20-429, bars such a finding of a contract. Since no valid contract exists in law or in equity, Sidney v. DeVries, 215 Conn. 350 (1990), no resulting duty or breach can be established.
Since there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law. Therefore, the motion for summary judgment is granted.
CIOFFI, J.