[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT CT Page 7994
The defendant, Lucretia Crafts, has filed a motion for summary judgment on the fifth, sixth and seventh counts of the complaint which allege three theories for setting aside two mortgages to her from her son, Richard Crafts. The mortgages were recorded in the Newtown Land Records about forty-five minutes prior to an attachment against two parcels of land owned by the defendant, Richard Crafts. Even though the mortgages were recorded first, the plaintiffs claim priority on three separate grounds contained in counts five, six and seven of the complaint. The fifth count alleges that the mortgages are invalid because they do not provide for open-ended advancements. The sixth count claims that they are void because full consideration was not advanced by the mortgagee, Lucretia Crafts. The seventh count claims that the mortgages amounted to fraudulent conveyances. The defendant, Lucretia Crafts (hereafter referred to as the defendant for purposes of this motion), has filed a motion for summary judgment on the ground that there are no material factual issues and that the claims are legally insufficient.
Most of the essential facts bearing on the legal issues are undisputed. Richard Crafts incurred legal fees for his defense in a murder trial in 1987 where he was represented by the law firm of Hurwitz and Sagarin. Between January 21, 1987 and November 17, 1987, the defendant paid $74,868.92 in legal fees for her son, Richard Crafts. On November 17, 1987, Richard Crafts signed a promissory note to the defendant for $100,000.00. The note was secured by mortgage deeds on two parcels of land owned by Richard Crafts in Newtown. Three days later, on November 20, 1987, the defendant wrote a check for the balance of the $100,000.00, namely, $25,131.08 to Hurwitz and Sagarin as payment of Richard Crafts' legal fees. The check was mailed to the law firm that day and received on November 23, 1987. The two mortgage deeds contained a copy of the $100,000.00 promissory note, and were recorded in the Newtown Town Clerk's office on November 20, 1987 at 1:07 P.M. and 1:08 P.M. The note states that the sum of $100,000.00 is without interest and payable on demand. Hurwitz and Sagarin had previously taken a mortgage from Richard Crafts against the Newtown properties for their attorney's fees. These mortgages were released when the two mortgages to the defendant were recorded.
The plaintiffs made an application for a prejudgment CT Page 7995 remedy in this action on November 20, 1987, which was signed that day by Judge Hauser and recorded in the Newtown Land Records forty-seven minutes after the mortgages to the defendant. The defendant apparently knew that the plaintiffs intended to commence a legal action to obtain the property for the children of Richard Crafts. Both the defendant and Richard Crafts state in an affidavit that the defendant loaned Richard Crafts $100,000.00 to pay the debt to Hurwitz and Sagarin for legal fees, that Richard Crafts was expected to repay the amounts advanced and that the defendant would not release Richard Crafts from the debt without receiving full payment. The plaintiffs have not produced any evidence which shows that Lucretia Crafts either has cancelled the $100,000.00 debt or that she will do so. While the plaintiffs' affidavit expresses an opinion that the defendant does not intend for her son to repay the attorney's fees and that the notes and mortgages are not genuine, opinions in affidavits in opposition to a motion for summary judgment are disregarded. Farrell v. Farrell,182 Conn. 34, 39. General claims and conclusionary statements that there is a material issue of fact are insufficient to defeat the motion. Daily v. New Britain Machine Co., 200 Conn. 562,569; Burns v. Hartford Hospital, 192 Conn. 451, 455.
A summary judgment may be granted under section 384 of the Connecticut Practice Book if the pleadings, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority, 213 Conn. 354, 364; Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. A material fact has been defined as a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578. A genuine issue has been described as either a triable, substantial or real issue of fact and one which can be maintained by substantial evidence. Craftsmen, Inc. v. Young,18 Conn. App. 463, 465; United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378. In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the nonmoving party. Connell v. Colwell, 214 Conn. 242, 246, 247. "`Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue." State v. Goggin, 208 Conn. 608, 616; Bartha v. Waterbury House Wrecking Co., supra, 11, 12. The party opposing the motion must raise evidentiary facts or substantial evidence outside the pleadings from which the material facts alleged in the pleadings can warrantably be inferred. Na-Mor, Inc. v. Roballey, 24 Conn. App. 215, 217. Where there is no genuine issue as to any material fact, the next question is whether the CT Page 7996 moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., supra, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364; Connell v. Colwell, supra, 247.
The question of priority between the mortgages and the attachment, unless the mortgages are invalid, is clear as a matter of law. Under section 47-10 of the General Statutes, a conveyance of land is not effective until it is recorded. "A mortgage is considered a `conveyance' of land." Farmers 
Mechanics Savings Bank v. Garofalo, 219 Conn. 810, 816 n. ; Second National Bank of New Haven v. Dyer, 121 Conn. 263, 267. However, rights conveyed by a deed may accrue a reasonable time prior to its actual recordation, so a mortgage deed, if recorded within a reasonable time of its execution, takes priority from the date of its delivery, even as to liens recorded prior to the recording of the deed but subsequent to its execution. Farmers Mechanics Savings Bank v. Garofalo, supra, 816, 817 and cases cited therein. On the other hand, no cases have interpreted section 52-285 of the General Statutes as providing a reasonable time within which to record an attachment, and an attachment is considered as made when and not until a certificate of attachment is left at the office of the town clerk where the property is located. Id., 817, 818. In this case, it is unnecessary to consider whether the mortgages to the defendant were recorded within a reasonable time after they were signed, because they were both recorded prior to the plaintiffs' attachment.
The fifth count of the complaint claims that the mortgages are invalid because they are open-end mortgages, namely, that they provided for future advances but were not drafted as such, and the face amount of the mortgage was not advanced when the mortgage was signed. A mortgage must provide reasonable notice to third parties of the obligation that is secured. Connecticut National Bank v. Esposito, 210 Conn. 222-227. In this case, the note was attached to the mortgage deeds. A mortgage deed to secure payment of a promissory note gives sufficient notice of the obligation to constitute a valid lien securing payment of amounts owed under the note if it contains the date, principal amount and maximum term of the note. Section 49-31b(a) of the General Statutes. These terms are easily determined by examination of the two mortgages which indicate that it was signed November 17, 1987, and that it is demand note for $100,000.00. At the time the mortgages were recorded, the $100,000.00 had been fully advanced. The mortgage is valid under both section 49-31b and under common law standards for mortgages. Dart Bogue Co. v. Slosberg, 202 CT Page 7997 substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated," but the conveyance need not meet both alternatives. Tyers v. Coma,214 Conn. 8, 11, and cases cited therein. While the plaintiff has not proven a fraudulent conveyance under the first test, she has produced evidence which supports an inference of fraudulent intent if the evidence is construed most favorably to her, as is required with the directed verdict test for summary judgments. Fraudulent intent is a question of fact which must often be inferred from surrounding circumstances, Town Bank Trust Co. v. Benson, supra, 308, 309. Statements by Richard Crafts that the conveyance was not made with fraudulent intent is a self-serving conclusion which is not considered in deciding whether there is a question of fact as to the intent of him and the defendant. Summary judgment is not appropriate where the inferences which the parties want to have drawn deal with questions of motive, intent and subjective feelings. Batick v. Seymour, 186 Conn. 632, 647; Town Bank Trust Co. v. Benson, supra, 309. In addition, some of the evidence raised by the plaintiffs puts in issue as a question of fact the intent and motives of both defendants for the mortgages.
The motion for summary judgment is granted as to the fifth and sixth counts but denied as to the seventh count.
Robert A. Fuller, Judge