[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff has filed a motion for summary judgment against the named defendant on the complaint, the defendant's counterclaim and the third party complaint against the plaintiff. This is an CT Page 1883 action for foreclosure of a mortgage on a condominium unit in Norwalk. The defendant purchased the condominium unit from Riverside Plaza, Inc. (Riverside) on September 30, 1988. Part of the purchase price was funds supplied by the Dime Real Estate Services Connecticut, Inc., which loaned the plaintiff $135,600.00 in a return for a note in that amount, secured by a mortgage on the condominium unit. The mortgage was later assigned to the plaintiff in this action. A foreclosure was commenced when the mortgagor failed to make the mortgage payment due on October 1, 1990. The note, mortgage and assignment of mortgage and an affidavit of nonpayment are attached to the plaintiff's motion. While the defendant makes claims against the plaintiff, he does not dispute the essential allegations of the foreclosure complaint, namely execution of the note and mortgage, non-payment commencing October 1, 1990 and that he is the record title owner of the subject property. While a counterclaim and third party complaint have been filed, there are no special defenses raised to the complaint itself.
A summary judgment may be granted under 384 of the Connecticut Practice Book if the pleading, affidavits and other proof submitted with the motion show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connelly v. Housing Authority,213 Conn. 354, 364. To prove that there is no genuine issue as to any material fact the moving party must show that it is quite clear what the truth is, and that it excludes any real doubt as to the existence of any material fact. Fogarty v. Rashaw, 193 Conn. 442,445. A material fact is a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578; Booth v. Flanagan, 23 Conn. App. 579, 584. A genuine issue is either a triable, substantial or real issue of fact and one which can be maintained by substantial evidence. Craftsman, Inc. v. Young, 18 Conn. App. 463, 465. Once the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. State v. Goggin, 208 Conn. 608, 616. Where there is no genuine issue as to any material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11. That is resolved by applying to the established facts the same test as is used in determining whether a party would be entitled to a directed verdict on the same facts. Connelly v. Housing Authority, supra, 364. CT Page 1884
The defendant has filed no special defense to the foreclosure action. The defendant's main claim is based upon an alleged defective, false or fraudulent certificate of occupancy which he received at the closing of title on the property. Defenses which show that a plaintiff has no cause of action must be specially pleaded, including claims of fraud. Section 164, Connecticut Practice Book.
There are only limited defenses available at common law to a mortgage foreclosure action, such as payment, discharge, release or satisfaction, or the invalidity of the lien itself. Petterson v. Weinstock, 106 Conn. 436, 441. In rare cases foreclosure can be withheld or the amount of the stated indebtedness can be reduced on equitable principles. Olean v. Treglia, 190 Conn. 756, 771; Hamm v. Taylor, 180 Conn. 491, 497. That only exists in unusual and extreme cases, none of which exist here. Defendant's claim of the fraudulent certificate of occupancy, even if true, is not something caused by the mortgagee, and is not directly related to the mortgage itself or the amount of the indebtedness. Only equitable defenses which attack the making and enforcement of the note or mortgage can be considered. Centerbank v. Motor Inn Assoc.,9 Conn. L. Rptr. 505, 506, August 2, 1993 (Thompson, J.); Citytrust v. Kings Gate Developers, Inc., 2 Conn. L. Rptr. 639, October 19, 1990 (Lewis, J.); Shoreline Bank and Trust Co. v. Leninski,8 Conn. L. Rptr. 522, 524, April 26, 1993 (Celotto, J.). Plaintiff is entitled to summary judgment on the foreclosure complaint.
The gravamen of the third party complaint and counterclaim is that the defendant received a false, fraudulent or forged conditional certificate of occupancy at the time of the closing on September 30, 1988. On that date two transactions occurred. The defendant purchased the condominium unit from Riverside, and the plaintiff's predecessor in interest and assignor, Dime Real Estate Services of Connecticut, Inc., lent the mortgage proceeds to the defendant in return for the note and mortgage. For purposes of this motion, the court considers the plaintiff to be in the same legal position as its assignor. When the sale and mortgage occurred, the law firm of Kelley, Drye Warren represented Riverside as the seller. Attorney Charles Fiore of the law firm of Roina, Fiore, Fiore represented the defendant as the buyer and mortgagor. While the Kelley, Drye Warren law firm also represented the lender, there was no direct connection between its representation of Dime Real Estate Services and Riverside. Stated another way, as far as the lender was concerned, Kelley, Drye 
Warren (KDW) was not acting as agent for the lender when it was CT Page 1885 acting in its capacity as agency for the seller. For purposes of the mortgage, the lender had no obligation to supply a certificate of occupancy, and did not do so. Accordingly, even if a defective certificate of occupancy may be the basis for a claim by the defendant against Riverside or the two law firms, it is not the basis for a valid claim against the lender, and as to it there are no disputed material questions of fact as to furnishing the certificate of occupancy, namely a fact that will make a difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co., supra, 578.
The first count of the amended third party complaint and counterclaim is based upon the alleged fraudulent certificate of occupancy. In order to have a cause of action for fraudulent misrepresentation the plaintiff must prove: (1) that a false representation was made as a statement of fact by the defendant; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the plaintiff did act on the representation to his injury. Miller v. Appleby, 183 Conn. 51, 54, 55. While Fucetola may have a claim against other defendants for fraudulent misrepresentation, he has not produced evidence in opposition to the motion for summary judgment which supports a cause of action against the lender or the plaintiff, Dime Savings Bank of New York. The mortgage transaction did not involve the certificate of occupancy, and there is no evidence presented which will satisfy the first three elements of a fraudulent misrepresentation action as far as the lender is concerned. Even though KDW was acting as agent of the lender on the mortgage transaction in addition to acting as agent for the seller in the sale of the condominium unit to Fucetola, any representations KDW may have made concerning the certificate of occupancy were made in its capacity as agent for the seller, not agent for the lender. Moreover, there is no evidence that KDW was authorized by the lender to make any representations or take any actions for it concerning the certificate of occupancy.
In addition, any claim for fraudulent misrepresentation would be barred by the statute of limitations. Section 52-577 of the General Statutes provides that "no action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." Fraud actions are governed by this statute. Rosenblatt v. Berman, 143 Conn. 31, 39; Wedig v. Brinster, 1 Conn. App. 123, 137. The three year time period in52-577 for commencement of the action begins with the date of the act or omission complained of, not the date when the plaintiff CT Page 1886 first discovers an injury. Prokolkin v. General Motors Corp.,170 Conn. 289, 294-302; Fichera v. Mine Hill Corporation, 207 Conn. 204,212, 213. The claimed false certificate of occupancy was delivered at the closing on September 30, 1988, and Fucetola had three years from that date in which to bring the third party complaint and counterclaim. The sheriff's return discloses that service was made on Dime and the lender on October 26, 1991, more than three years later. Under Connecticut law a civil action commenced when the complaint is served on the defendant. Valley Cable Vision Inc. v. Public Utilities Commission, 175 Conn. 30, 33; Broderick v. Jackman, 167 Conn. 96, 99.
The second and third counts of the third party complaint and counterclaim face similar problems. The second count alleges fraudulent inducement coupled with claims of misrepresentation based on erroneous statements in the federal truth in lending statement by failing to reveal the existence of the Live Free Program for the diversion of part of the mortgage funds at the closing by KDW to a special bank account for payment on a monthly basis for the Live Free Program. This motion is not an appropriate place to determine whether the lender fully complied with the federal Truth in Lending Act (TILA), and the regulation enacted under it known as Regulation Z, 12 C.F.R. § 226.1 et seq. In a proper case where the lender fails to make material disclosures to a borrower, the borrower has the right to rescind the loan transaction. Cheshire Mortgage Service, Inc. v. Montes, 223 Conn. 80,100. In this case, if the lender failed to comply with Regulation Z, that default occurred at or prior to the closing on September 30, 1988. However, the borrower's right to rescind expires three years after completion of the transaction.15 U.S.C. § 1635(f); Cheshire Mortgage Service, Inc. v. Montes, supra, 102.
The Live Free Program (which appears to benefit rather than hurt a borrower) is directly related to the mortgage which closed on September 30, 1988 and only continued for one year after the closing. The establishment of the escrow account occurred on September 18, 1988. Even though KDW may have made periodic payments for one year from an escrow account, that does not create a continuing cause of action for Fucetola, any more than the fact that he was obligated to make monthly payments on the mortgage after the closing. The concept of a continuing cause of action based upon an alleged breach of the duty to warn the injured party of a problem, has never been extended to cover the type of conduct that occurred in this case. See discussion in Prokolkin v. General Motors Corp., supra. Moreover, the claims based on the federal CT Page 1887 Truth in Lending Act and the mortgage escrow were not raised until the amended complaint was filed April 26, 1993, and do not relate back to the initial counterclaims. See Sharp v. Mitchell,209 Conn. 59, 71, 72. They are clearly barred by the statute of limitations.
The fourth count claims breach of an implied or explicit contract. The documents filed by the parties do not disclose any contractual relationship between the lender and Fucetola for the lender to supply a valid certificate of occupancy at the closing. Even if Riverside as the seller or KDW as its attorney had a contractual obligation with Fucetola as buyer of the property to supply a valid certificate of occupancy, the lender was not a party to that agreement. To the extent that there was any contractual arrangement between Fucetola and the lender based on Regulation Z, that claim would be barred by the three year limitation period in15 U.S.C. § 1635(f).
The plaintiff Dime Saving Bank of New York, FSB is entitled to summary judgment on the foreclosure complaint and on the third party complaint and counterclaim and its motion for summary judgment is granted as to both.
ROBERT A. FULLER, JUDGE