[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The issue presented by plaintiff's motion for summary judgment is whether or not a special defense to an action on a note, predicated on an unrecorded agreement with a failed bank, is precluded as a matter of law by operation of the D'Oench,Duhme doctrine and the requirements of 12 U.S.C. § 1823(e).
In this matter, by authority of the FDIC, an order issued closing the Society Savings and Loan Association and appointing the plaintiff as receiver, resulting in the transfer of all assets and liabilities of the failed bank to the plaintiff. On or about September 16, 1992, the plaintiff commenced this suit against the defendant on a note which the defendant had executed and delivered to Society Savings and Loan Association prior to its insolvency, alleging the defendant's failure to make payments under the terms of the note. Pleadings, affidavits and other documentation all support the aforementioned facts and are not disputed by the defendant.
By way of special defense the defendant asserts that a separate agreement with the failed bank existed prior to its takeover which should have been honored by the plaintiff, whereby defendant agreed to comply with certain conditions set by the bank which would constitute full satisfaction for the note in the event of default. The conditions included a payment of $10,000 and the transfer of certain interests in real estate by mortgage. In support of the alleged agreement, defendant provides three CT Page 13279 exhibits it claims establishes its existence; (2) checks paid to the failed bank and a real estate appraisal completed by that bank and paid for by the defendant.
Plaintiff claims that the special defense is precluded as a matter of law by operation of the D'Oench, Duhme doctrine and12 U.S.C. § 1823(e).
As noted in plaintiff's brief, the D'Oench, Duhme doctrine has been applied by the courts to bar the assertion of any defense against the FDIC that is predicated upon unrecorded conduct between the borrower and the failed institution regardless of the actual intent of the borrower. D'Oench, Duhmeand Co. v. FDIC, 315 U.S. 447, 460-461 (1942). The doctrine is partially codified in The Federal Deposit Insurance Act of 1950,13(e), 64 Stat. 889, as amended, 12 U.S.C. § 1823(e), which provides:
 "No agreement which tends to diminish or defeat the right, title or interest of the Corporation (FDIC) in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank."
Courts have construed the aims of this statute and theD'Oench Duhme doctrine to be identical and have applied both "to protect the FDIC from a variety of claims including those premised on secret agreements, unwritten agreements, fraud in the inducement, state and common law fraud, alleged violations of federal securities laws and other federal statutes and certain affirmative defenses. (Citations omitted.)" Federal Deposit Ins.v. Briarwood Dev., No. CV92-295867 (September 3, 1993)1993 Ct. Sup. 7958. CT Page 13280
"One purpose of 1823(e) is to allow federal and state bank examiners to rely on a bank's records in evaluating the worth of the bank's assets . . . A second purpose . . . is implicit in its requirement that the `agreement' not merely be on file in the bank's records at the time of an examination, but also have been executed and become a bank record `contemporaneously' with the making of the note and have been approved by officially recorded action of the bank's board or loan committee. These latter requirements ensure mature consideration of unusual loan transactions by senior bank officials, and prevent fraudulent insertion of new terms, with the collusion of bank employees, when a bank appears headed for failure." Langley v. FDIC,484 U.S. 86, 91-92 (1987).
The defendant argues compliance with the statutory requirement that the agreement be "in writing" by referring to "certain writings" consisting of the (3) exhibits, which, it claims, establishes an agreement with the failed bank. Though, the "writings" referred to arguably evidence an agreement between the defendant and the failed bank, they do not constitute an agreement "in writing" as contemplated by the statute, such that the material terms, obligations of the parties and execution of the agreement would be a matter of record. In fact, this is precisely the type of unrecorded agreement which 1823(e) seeks to preclude for the reasons previously stated.
Furthermore, defendant does not suggest any evidence of compliance with conditions (2) through (4) of the federal statute. On the other hand, plaintiff offers evidence by way of an affidavit, Exhibit C, that an examination of the records of the failed bank reveals no written record "of any kind" referring to the alleged agreement. Thus, no exhibit produced by the defendant satisfies any condition set out in the statute and evidence produced by the plaintiff further confirms lack of compliance.
While a borrower in the position of the defendant who relied on the representations of a failed bank to its detriment, has legitimate claim to consideration in an equitable sense, such are not the equities the statute regards as predominant. Langley,supra, pp. 94-95.
In evaluating the propriety of a motion for summary judgment, this court is confined to an examination of whether the CT Page 13281 pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact that would make a difference in the result of the case and that the moving party is entitled to judgment as a matter of law. Craftsmen v. Young,18 Conn. App. 463, 464-465 (1989).
Here, the defendant is unable to submit any proof sufficient to show a genuine issue as to a material fact that would alter the outcome of this case. Plaintiff's Motion for Summary Judgment is granted.
FASANO, J.