[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 31, 1996
The plaintiff, Charles Jackson, brought an action to foreclose a mechanic's lien on October 11, 1988. The plaintiff seeks to recover for services rendered in constructing a home. The defendants, Robert A. and Sharon B. Fortunato, owners of the CT Page 5162 home, filed a revised amended answer, special defenses and counterclaims on June 12, 1996. The plaintiff filed a motion to strike counts three and four of the counterclaim on July 9, 1996. The defendant filed an objection to the motion on July 18, 1996.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214 15, 618 A.2d 25
(1992). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Id., 215.
The plaintiff argues that the third counterclaim, which alleges a violation of the New Home Warranties Act, General Statutes § 47-116, must be stricken because the defendant, Robert A. Fortunato, was not a purchaser within the meaning of the act. The defendant in his brief does not challenge the assertion that the defendant is not a purchaser, but argues that the plaintiff is a vendor. At oral argument the defendant argued that the issue should await evidence to be adduced at trial.
The New Home Warranties Act sets forth warranties and imposes liability on the builder/vendor of a new home in favor of the original buyer of improved real estate. Beckman v. Jalich Homes,Inc., 190 Conn. 299, 307, 460 A.2d 488 (1983). General Statutes § 47-116 defines purchaser as "the original buyer, his heirs or designated representatives, of any improved real estate." Real estate is defined as "any fee simple estate," and improvement is "any newly constructed single family dwelling unit . . ." Two Superior Court cases have held that the statute precludes recovery by owners who had previously purchased unimproved land from parties unrelated to the parties in the dispute, and then entered into an agreement with the vendors to build a home on the land. Pelletier v. Pelletier Development Company, Superior Court, Docket No. 473671 (March 14, 1996) (Fineberg, J.); Blonder v.Heath, Superior Court, judicial district of Tolland at Rockville, Docket No. 45252, 2 CONN.L.RPTR. 518 (Sept. 26, 1990) (Jackaway, J.).
The counterclaim alleges that the defendant "is the owner of Lot #3, Carrington Drive" and that the plaintiff and the CT Page 5163 defendant entered into an agreement "whereby the Plaintiff agreed to erect in a workmanlike manner a single-family residence on Lot #3, Carrington Drive, for which the Defendant agreed to pay the Plaintiff the sum of $254,161.00." The third count alleges that the defendant is a purchaser within the meaning of the act. The plain language of the statute requires that the purchaser be the original buyer of real estate with a new family home already constructed upon the land. The counterclaim does not allege that the defendant was the original purchaser of improved land, and therefore the count must be stricken.
The plaintiff argues that count four should be stricken because the Home Solicitation Sales Act only applies to the sale of consumer goods and services, and construction of a home is not the purchase of goods or services. General Statutes 42-134a
provides that home solicitation sale is a "sale, lease, or rental of consumer goods or services . . ." Consumer goods or services are defined as "goods or services purchased, leased, or rented primarily for personal, family, or household purposes." One Superior Court case held that the installation of a driveway was a consumer goods and service. Maisano Bros., Inc. v. Halprin,36 Conn. Sup. 271, 418 A.2d 97 (1980). However, in Craftsmen, Inc. v.Young, 18 Conn. App. 463, 557 A.2d 1292 (1989), the Appellate Court found error with the trial court's holding that exploratory and demolition work and the removal of debris were consumer services, and held that there was a genuine dispute about whether the work performed was for personal, family or household purposes. Id., 467. In Habetz v. Condon, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 033236, 5 CONN.L.RPTR. 37 (October 14, 1991) (Fuller, J.), aff'd224 Conn. 231, 618 A.2d 501 (1992), the trial court held that construction of a residence is not the purchase of goods or services, reasoning that the improvement became part of the real estate, and could not be returned to the vendor. It is found that the construction of a home is not a consumer good or service, and the count must be stricken. The defendant argues that in order to recover under Connecticut Unfair Trade Practices Act, he must first assert a Home Solicitation Sales Act claim. However, the defendant must first state a cause of action under the Home Solicitation Sales Act before he can recover under CUTPA.
Accordingly, counts three and four are stricken.
RYAN, J. CT Page 5163-A