[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13470
The defendant, MEDEX Assistance Corporation,[1] moves for summary judgment on counts four, nine, eleven and twelve of the plaintiffs'[2]
complaint. The second amended complaint alleges the following facts. On April 25, 1996, Gartland and Cook purchased the "European Whirl," a, guided tour from Trafalgar Tours offered through Phillips Travel. As part of the tour, Gartland and Cook purchased travel insurance from Phillips Travel. The policy was issued by Trafalgar Tours and Monumental Life. Under the policy, benefits included medical supervision, assistance, and monitoring of insured tour participants provided by MEDEX. Travel Mate performed other administration under the policy. While on the tour, which was scheduled for August 8 to August 23, 1996, Gartland, the plaintiff's decedent, became ill and experienced medical problems that progressively got worse. On August 20, 1996, both Gartland and Cook were stricken with a severe respiratory infection. The next day, on August 21, 1996, Gartland died as a result of congestive heart failure. Due to the death of her travel companion as well as her own medical problems, Cook left the tour that same day. Overall, the complaint sounds in breach of contract, negligence and wrongful death. Specifically, count one is a breach of contract claim on behalf of the plaintiff's decedent Gartland, alleging that defendant MEDEX failed to provide medical care and assistance according to the policy. Count nine is a breach of contract allegation by the plaintiff's decedent and Cook against MEDEX for reimbursement of medical expenses. The eleventh count is an action in wrongful death by the plaintiff's decedent against MEDEX for its alleged failures while the plaintiffs were on the tour. Count twelve is also a tort action, the negligent infliction of emotional distress, by Cook, against MEDEX based on the above alleged failures. Underlying the factual theory behind the eleventh and twelfth counts are allegations that MEDEX, through its agents, servants and/or employees was careless and negligent in that it: (a) failed to properly advise and inform plaintiff's decedent which guided tour to purchase and take so that said tour would not be overly strenuous given plaintiff's decedent's medical history, age, and physical health; (b) failed to properly train or screen agents servants and/or employees to conduct a guided tour and to recognize signs of serious medical problems or illness to insure that the plaintiff's decedent receive timely, necessary treatment, assistance and monitoring; and (c) failed to take the steps necessary to provide such treatment, assistance and monitoring.
The defendant MEDEX filed a motion for summary judgment with an accompanying memorandum, a lengthy affidavit and the subject insurance policy. The plaintiffs filed a memorandum in opposition with no additional evidence. CT Page 13471
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000). "A `genuine' issue has been variously described as a `triable,' `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence. . . . Hence, the `genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. (Citations omitted; emphasis added; internal quotation marks omitted.) Craftsmen,Inc. v. Young, 18 Conn. App. 463, 465, 557 A.2d 1292, cert. denied,212 Conn. 806, 561 A.2d 947 (1989). When: deciding a motion for summary judgment, the trial court must observe that "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." Witt v. St. Vincent'sMedical Center, supra, 252 Conn. 368. "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . ." (Internal quotation marks omitted.) Miller v. United Technologies Corp.,233 Conn. 732, 751-52, 660 A.2d 810 (1995). "Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [T]he court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) Harvey v. BoehringerIngelheim Corp., 52 Conn. App. 1, 5, 724 A.2d 1143 (1999).
The defendant MEDEX asserts that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law as to counts four, nine, eleven, and twelve of the plaintiffs' second amended complaint. In particular, MEDEX maintains that it had no contractual obligation under the policy and had no common law duty to provide its medical services until and unless it was properly contacted regarding an insured's health condition. The plaintiffs argue, solely within their memorandum, that a Trafalgar Tours guide was notified of the plaintiffs' conditions thereby creating a triable issue as to MEDEX's duty and that, in addition, language in a brochure,[3] imposed said contractual obligations on the defendant.
The policy is a standard boilerplate insurance form.[4] Aside from CT Page 13472 the pertinent language in the MEDEX section of page seven, there is neither a reference to MEDEX nor an obligation undertaken by them in any provision throughout the rest of the policy. In addition, nowhere in the policy is MEDEX allotted the responsibility, duty, or obligation to provide any information on or aid in the selecting of the tour or screen policyholders before or during the tour.
As a further submission concerning the tortious nature of counts eleven and twelve, MEDEX offers a considerable affidavit taken of Colleen Lopresto, the Chief Operating Officer of MEDEX. In sum, Ms. Lopresto, familiar with MEDEX's records in general and the specific records regarding this case, stated the following: (1) MEDEX does not provide medical care for the travelers on tour. It provides a telephone number to call if policyholders on vacation need to call and request assistance obtaining medical care. If the policyholder does not call, MEDEX would not have to provide any assistance; (2) MEDEX creates a record for every call that relates to a request for assistance; (3) MEDEX does not have any records relating to a request for medical assistance by Ms. Jane Gartland or Ms. Elizabeth Cook; (4) The first time any contact was made with MEDEX concerning Jane Gartland was when Ms. Gartland's son placed a telephone call on August 21, 1996 advising that his mother died from a probable heart attack with bronchitis; (5) Prior to this August 21, 1996 telephone contact, MEDEX has no record of any contact in association with Ms. Gartland or Ms. Cook or anyone on their behalf; (6) MEDEX did not know that Ms. Gartland or Ms. Cook needed medical care; (7) MEDEX did not underwrite the insurance policy, nor does it provide coverage under the policy to those who purchased it. The policy is underwritten by Monumental Life; (8) MEDEX has no involvement in the advisement on, information about, or the selection of vacations by policyholders. MEDEX does not investigate and determine whether policyholders need medical assistance; (9) MEDEX does provide a twenty-four hour telephone service for medical emergencies, locating physicians, dentists, and medical facilities, monitoring a known condition, arranging to pay for transportation to medical facilities or home, advancing funds to cover on-site expenses if a hospital demanded cash deposit or required payment of a bill before discharge, providing interpretation services and transmiting urgent messages to family, friends, and business; (10) MEDEX is not responsible for the availability, quality or results of any medical treatment or failure to obtain medical treatment.
The plaintiffs make bare, mere assertions of fact, contained only in their memorandum. Their contentions are that it is unreasonable to presume the plaintiffs could have contacted MEDEX because of their physical condition, that it is reasonable to assume that the tour guide did contact MEDEX upon being informed of the plaintiffs' need for medical attention, and that, at this current unknown stage of discovery, it is CT Page 13473 not known whether MEDEX was contacted.
"Although the party seeking summary judgment has the burden of showing the non-existence of any material fact . . . a party opposing summaryjudgment must substantiate its adverse claim by showing that there is agenuine issue of material fact together with the evidence disclosing theexistence of such an issue." (Emphasis added.) Maffucci v. Royal ParkLtd. Partnership, 243 Conn. 552, 554, 707 A.2d 15 (1998). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Emphasis added; internal quotation marks omitted.) Pion v. Southern New England Telephone, 44 Conn. App. 657,663, 691 A.2d 1107 (1997). "[Practice Book Section 17-46] sets forth three requirements necessary to permit the consideration of material contained in affidavits submitted in a summary judgment proceeding. The material must: (1) be based on personal knowledge; (2) constitute facts that would be admissible at trial; and (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit." (Internal quotation marks omitted.) Barrett v. Danbury Hospital,232 Conn. 242, 251, 654 A.2d 748 (1995).
Applied here, the plaintiffs have not disclosed the existence of a genuine triable issue of material fact. The plaintiffs have not presented additional evidence or facts by way of affidavits, testimony, admissions, oral representations or misrepresentations, nor have they demonstrated a contract implied in fact that the defendant MEDEX could have been obligated to by conduct. See Reynolds v. Chrysler FirstCommercial Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 322585 (November 29, 1994, Hadden, J.). As to the breach of contract claims in counts four and nine, clearly, MEDEX's services, under the policy and according to its Chief Operating Officer, are not activated until the prerequisite telephone contact is made. Assuming arguendo, however, that page seven of the policy alone created a contract between MEDEX and the plaintiffs, the result does not change, as there is no evidence of breach. As a matter of contract, MEDEX is not "responsible for the availability, quality or results of any medical treatment or your failure to obtain medical treatment." In conjunction with that language, under summary judgment procedure, the plaintiffs have neglected, through the omission of any form of evidence, to show that the plaintiffs did in fact contact the Trafalgar Tours guide, and that the guide, in turn, communicated with MEDEX about the plaintiffs' medical dilemma. Moreover, because of the lack of a genuine issue of fact that MEDEX was neither contacted nor was aware of the plaintiffs' condition, there is correspondingly no genuine issue of material fact under count nine's claim for expenses. Under both the policy and the nature of how MEDEX performs its service, there is no evidence where MEDEX would have been in a situation to pay medical emergency or transportation costs for CT Page 13474 the plaintiffs. Since the plaintiffs have not overcome, or even contradicted MEDEX's affidavit, no triable facts regarding an obligation to pay for medical expenses exists.
The issue of duty arising from counts eleven and twelve are undermined by the same failure of the plaintiffs to raise any genuine issues of material fact. The plaintiffs do not produce a telephone record, document, or affidavit contesting or contradicting MEDEX's formidable evidence demonstrating that it was neither contacted, nor was aware of the plaintiffs' medical needs. Therefore, MEDEX has shown, and the plaintiff has not properly countered, that it did not owe a duty of care to the plaintiffs. The plaintiff's bare assertion in their memorandum that it has not yet been "discovered" whether MEDEX was contacted is severely inadequate for opposing summary judgment. The plaintiffs should have, as is required by law, filed a motion for a continuance along with an affidavit showing valid reasons for the continuance and demonstrating the steps being taken to secure facts necessary to defeat the motion. See Practice Book § 17-47; Great County Bank v. Pastore, 241 Conn. 423,696 A.2d 1254 (1997); Peerless Ins. Co. v. Gonzalez, 241 Conn. 476,697 A.2d 680 (1997); Dorazio v. M.B. Foster Electric Co., 157 Conn. 226,253 A.2d 22 (1968); Sheridan v. Board of Education, 20 Conn. App. 231,565 A.2d 882 (1989); Palmieri v. Lee, Superior Court, judicial district of New Haven, Docket No. 405641 (November 24, 1999, Levin, J.).
As a consequence of the plaintiffs' failure to submit any concrete evidence to substantiate any genuine issues of material fact, and as a result of the clear legal language of the insurance policy portion involving MEDEX, the defendant's motion for summary judgment on counts four, nine, eleven and twelve of the plaintiffs' second amended complaint is hereby granted.
So Ordered.
D'ANDREA, J.