[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF' DECISION
The plaintiff, Nancy Rocheleau, filed a three-count complaint against the defendant, Nursing Services, Inc., on May 11, 2000. Count one alleges a claim for wages pursuant to General Statutes § 31-68.[1] Count two alleges a claim for wages pursuant to General Statutes § 31-72[2]
and count three alleges a claim for wages pursuant to 29 U.S.C. § 201
et seq. The plaintiff alleges that the defendant failed to compensate her for overtime hours worked while she was an employee of the defendant's.[3] Specifically, the plaintiff alleges that she was not compensated for working overtime as an on-call coordinator.
On August 11, 2002, the defendant filed a motion for summary judgment, accompanied with a memorandum in law, on the ground that there are no genuine issues of material fact as to the plaintiff's claim that she is entitled to compensation pursuant to § 31-68, § 31-72 and29 U.S.C. § 201, and that the defendant is entitled to judgment as a matter of law. The defendant submits the following in support of its motion: deposition testimony of the plaintiff (Exhibit A); the affidavit of Linda Tucker, chief executive officer and president of the defendant, Nursing Services, Inc. (Exhibit B); a photocopy of a time sheet (Exhibit C); photocopies of the plaintiff's weekly time slips (Exhibit D); a photocopy of the "Plaintiff's Response to Defendant's First Set of Interrogatories" (Exhibit E); a photocopy of an unemployment notice (Exhibit F); a photocopy of an "Analysis of on Call Weekend Time" (Exhibit G); a letter to the plaintiff from Tucker, dated July 28, 1999 (Exhibit H); and a letter from the plaintiff to Tucker, dated August 2, 1999 (Exhibit I).
On September 8, 2002, the plaintiff filed a memorandum of law in opposition, arguing that material facts do exist in the present case, which was accompanied by excerpts of the plaintiff's deposition testimony. On September 27, 2002, the defendant filed a reply memorandum. CT Page 2603
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 549-50, 791 A.2d 489
(2002). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Id., 556. "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "`Issue of Fact' encompasses not only evidentiary facts in issue but also questions as to how the trial would characterize such evidentiary facts and what inferences and conclusions it would draw from them." Craftsmen, Inc. v.Young, 18 Conn. App. 463, 465, 557 A.2d 1292, cert. denied, 212 Conn. 806, 561 A.2d 947 (1989), quoting United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 379, 260 A.2d 596 (1969).
The defendant moves for summary judgment on the complaint on the ground that there are no genuine issues of material fact regarding the plaintiff's claim that she is entitled to compensation pursuant to §31-68, § 31-72 and 29 U.S.C. § 201 et seq. Specifically, the defendant argues that the plaintiff has failed to establish a prima facie case under § 31-72 and 29 U.S.C. § 201 et seq., because the plaintiff has not submitted any evidence supporting her claim that she was not compensated for the overtime hours she worked as an on-call coordinator. The defendant contends that the documentary evidence it submitted reveals that the plaintiff attested to working only one hour of overtime when she was the on-call coordinator and, therefore, she cannot claim she worked more hours than she submitted. The defendant citesReeves v. International Tel. Tel. Corp. , 616 F.2d 1342 (5th Cir. 1980), cert. denied, 449 U.S. 1077, 101 S.Ct. 857, 66 L.Ed.2d 800
(1981), Rose v. Digital Convergence.com, Inc., United States District Court for the Northern District of Texas, Docket No. 3:00-CV-2057-X (N.D.Tx., March 30, 2001), and Newton v. City of Henderson, 47 F.3d 746
(5th Cir. 1995), in support of its argument. CT Page 2604
The plaintiff argues that genuine issues of material fact do exist in this case. Specifically, the plaintiff argues that it is the defendant's responsibility to maintain adequate records of time worked. The plaintiff cites Reich v. Southern New England Telecommunications Corp., 121 F.3d 58
(5th Cir. 1997), Brennan v. Carl Roessler, Inc., 361 F. Sup. 229
(D. Conn. 1973), and Reeves v. International Tel. Tel. Corp. , supra, 616 F.3d 1342, in support of this argument. The plaintiff contends that the defendant has not met its burden of maintaining accurate records because she worked hours that are not reflected in her time sheets and cites to her deposition testimony in support of this contention. The plaintiff further argues that "the Defendant has conceded that the Plaintiff's compensation was not based on accurate recording of hours, but, rather, was based upon the `policy' established by the Defendant." (Plaintiff's Memorandum in Opposition, p. 8.)
General Statutes § 31-66 provides in relevant part: "Each employer subject to the provisions of this part, unless exempted by regulation issued by the commissioner or as hereinafter provided, shall keep at the place of employment for a period of three years a true and accurate record of the hours worked by and the wages paid by him to each employee as required by the applicable regulations issued by the Labor Commissioner." Section 31-60-12 of the Regulations of Connecticut State Agencies provides: "(a) For the purpose of this regulation, `true and accurate records' means accurate legible records for each employee showing: (1) His name; (2) his home address; (3) the occupation in which he is employed; (4) the total daily and total weekly hours worked, showing the beginning and ending time of each work period, computed to the nearest unit of fifteen minutes; (5) his total hourly, daily or weekly basic wage; (6) his overtime wage as a separate item from his basic wage; (7) additions to or deductions from his wages each pay period; (8) his total wages paid each pay period; (9) such other records as are stipulated in accordance with sections 31-60-1 through 31-60-16; (10) working certificates for minor employees (sixteen to eighteen years). True and accurate records shall be maintained and retained at the place of employment for a period of three years for each employee."
Linda Tucker, chief executive officer and president of the defendant, Nursing Services, Inc., claims in her affidavit that company policy provides that an on-call coordinator working a night shift be given one hour of overtime pay. (Exhibit B, ¶ 14.) Tucker further claims that the one-hour overtime pay policy is based on her own personal experience and discussions with the staff. (Exhibit B, ¶ 14.) Finally, Tucker claims that if an on-call coordinator worked longer than one hour, then the coordinator would be compensated, but that based on her experience on-call coordinators rarely worked a full hour. (Exhibit B, ¶ 14.) CT Page 2605 The plaintiff testified that she did inform Tucker that she worked more than one hour when she worked overtime as the on-call coordinator. (Plaintiff's Deposition Testimony, p. 89.) The plaintiff stated in her deposition testimony that, pursuant to the company policy, she was told she could only submit one hour of overtime when she was the on-call coordinator and, therefore, that is what she reported on her time sheets. (Plaintiff's Deposition Testimony, p. 71.)
A genuine issue of material fact exists concerning whether the defendant's records are true and accurate, pursuant to § 31-60-12 (a) (4), which requires that employees' records be computed to the nearest fifteen minutes. Based on Tucker's affidavit and the plaintiff's deposition testimony, the on-call coordinators were required to take one hour of overtime under the company policy regardless how many hours they worked. It is conceivable that on-call coordinators could have worked less than an hour of overtime but were required to submit one hour of overtime on their time sheets. It is also conceivable that an on-call coordinator could have worked more than one hour but only submitted one hour on their time sheet because of the defendant's company policy. Accordingly, a question of fact exists as to whether the defendant's records are true and accurate statements of the overtime hours worked by the plaintiff acting in her capacity as an on-call coordinator. The defendant's motion for summary judgment is denied.
BY THE COURT
Kevin E. Booth, J.