DOMINICK DE DOMINICIS ET AL. *v.* AMERICAN
NATIONAL FIRE INSURANCE COMPANY ET AL.
(2444)

DUPONT, Acting C.P.J., HULL and BORDEN, Js.

Argued October 2—decision released November 13, 1984

*John W. Lemega,* for the appellants (defendants).

*Joseph A. Lorenzo,* with whom was *Sandra A. Trionfini,* for the appellees (plaintiffs).

PER CURIAM. This appeal[1] is from a judgment rendered against the defendant insurers determining liability under a homeowners insurance policy which, inter alia, covered the plaintiffs, Dominick and Joan De Dominicis, in case of theft of a coin collection. The trial court, upon concluding that no genuine issue of material fact existed as to liability, granted the plaintiffs' motion for summary judgment. Following a hearing in damages, the trial court rendered judgment in favor of the plaintiffs and the defendants appealed claiming, inter alia, that the trial court erred in granting the plaintiffs' motion for summary judgment.

On or about January 31, 1976, a coin collection was allegedly stolen from the home of the plaintiffs. At that

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

time, the plaintiffs were insured by the defendant American National Fire Insurance Company under a policy which covered the collection. After that defendant refused to pay under the policy, the plaintiffs brought this action. The defendants' position is that the collection was never stolen and that, in fact, it may never have existed.

The plaintiffs filed a motion for summary judgment as to liability supported by an affidavit which included a thirteen page list of the coins comprising the missing collection. In opposition to this motion, the defendants filed the affidavit of a professional numismatist who asserted that "based upon the extreme rarity of some of the coins listed on the first page, and the contradictory grading of quality, it is my professional opinion that the coin collection listed on page one is partly or wholly fictitious."[2] The trial court concluded that no genuine issue existed as to any material fact and granted the plaintiffs' motion for summary judgment as to liability.

In a summary judgment motion, the parties are entitled to consideration, not only of the facts presented by their affidavits, but of the "inferences which could be reasonably and logically drawn from them" as well. *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 381, 260 A.2d 596 (1969). One common definition of "fictitious" includes the synonyms "imaginary" and "fabrication or contrivance." Webster, Third New International Dictionary. The affidavit provided by the defendants, therefore, furnished a basis for a permissible inference creating doubt as to the very existence of the coin collection. Thus, there was a genuine

---

[2] The total value of the collection was $25,546.20 of which $13,366.25 consisted of coins listed on the page questioned by the defendants' affiant.

issue of material fact which precluded the granting of the plaintiffs' summary judgment motion on the issue of liability.

There is error, the judgment is set aside and the case is remanded for further proceedings.