[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (No. 107)
A. Facts:
Capuano Builders and Developers, (herein Capuano Builders) General Partners Elio Capuano and Paul Capuano, submitted to the Town of Rocky Hill Planning and Zoning Commission (herein Commission) a site plan for approval. (Complaint Count 1, ¶ 1-2). The site plan involved the development of 1275 Cromwell Avenue in Rocky Hill into the Shunpike Business Center. (herein Cromwell Property) (Complaint Count 1, ¶ 2-3). As a condition of approval the Capuanos entered into a collateral agreement and posted a performance bond with the Commission to assure the completion of the site improvements. (Complaint Count 1, ¶ 3). Thereafter, Capuano Builders entered into an open end mortgage with Connecticut National Bank (herein CNB) for the development of the Cromwell Property. (Complaint Count 1, ¶ 6). On or about October 17, 1991 CNB foreclosed on the Cromwell Property, the foreclosure being recorded in the Town of Rocky Hill land records vol. 251, pg. 0088. (Complaint Count 1, ¶ 7-11). On or about March 28, 1995 Elio Capuano entered into an assignment of the collateral agreement with the plaintiff, Mr. Gervasini. (Plaintiff's motion exhibit C). After the foreclosure, CNB conveyed the foreclosed property to GTT Corp., as Trustee of Onyz Properties Realty Trust (herein Onyz). (Intervening Complaint, CT Page 11620 ¶ 4). On or about June 30, 1993 Onyz conveyed the Cromwell Property to Mr. Philip Ireland and Ms. Carol Ireland. (Intervening Complaint, ¶ 5). Plaintiff has initiated the original complaint to reclaim the outstanding funds from the performance bond. (Complaint Count 1, ¶ 26). Mr. Philip Ireland instituted the intervening action to claim the outstanding performance bond funds. (Intervening Complaint, ¶ 9). The short calendar was held on October 10, 1995.
B. Legal Analysis:
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Gambardella v. Kaoud, 38 Conn. App. 355, 358, ___ A.2d ___ (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986); 2830 Whitney Ave. v.Heritage Can. Dev. Assoc., supra 33 Conn. App. 567.
In determining whether a material fact exists, the burden is on the movant to prove no material facts exists. "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp., supra229 Conn. 105; Miller v. United Technologies Corp., supra 233 Conn. 752-53;Gambardella v. Kaoud, supra 38 Conn. App. 358. "The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied." Miller v.United Technologies Corp., supra 233 Conn. 752.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.). New Milford SavingsBank v. Roina, supra 38 Conn. App. 244; Suarez v. DickmontPlastics Corp., supra 229 Conn. 105. "In a summary judgment motion, the parties are entitled to consideration, not only of CT Page 11621 the facts presented by their affidavits, but of the and inferences which could be reasonably and logically drawn from them as well." De Dominicis v. American National Fire Ins. Co.,2 Conn. App. 686, 687, 483 A.2d 616 (1984).
It is found that questions of material fact do exist, the existence of which prevents granting the motion for summary judgment. Examples of the questions of material fact are as follows: 1) whether an interest in the production bond was assigned from Mr. Capuano to Mr. David Gervasini (plaintiff), 2) the extent of the conveyed interest in the quit claim deed to Mr. Ireland from GTT Corp. as trustee of Onyx Properties Realty Trust, i.e. whether the funds of the performance bond or merely the right to develop the property was conveyed.
Accordingly, it is determined that the defendant has failed to meet his burden of showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. The aforementioned questions are material, in that the disputed facts will make a difference in the result of the case.
C. Conclusion:
It is concluded that since a genuine question of material fact exists, the defendant's motion for summary judgment should be denied and is hereby denied.
It is so ordered.
SALVATORE F. ARENA, J.