[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CT Page 13009AS TO DEFENDANT GENERAL ELECTRIC CAPITAL CORP.'S SPECIAL DEFENSES (No. 169),DEFENDANT KENNEDY ELECTRICAL CONTRACTORS' MOTION FOR SUMMARY JUDGMENT (No.170), DEFENDANT GENERAL ELECTRIC CAPITAL CORP.'S CROSS-MOTION FOR PARTIALSUMMARY JUDGMENT (No. 179)
A. FACTS
The present motions involve facts collateral to the main parties in this case, therefore, only the facts relevant to this decision will be set forth below.
The action involves property located at 85 Nutmeg Road, South Windsor, Connecticut, owned by the defendant, HI-G Company, Inc. (herein HI-G) and property located at 45 Nutmeg Road, South Windsor, Connecticut, owned by the defendant, Dalene Hardwood Flooring Company, Inc. (herein Dalene). Said property has been subject to several encumbrances, some of which involve the parties to the motions at hand.
The defendant, Kennedy Electrical Contracting, Inc. (herein Kennedy Electrical), claims an interest in the property by virtue of a mechanics lien dated November 16, 1994 and recorded on November 18, 1994, an amended mechanics lien dated December 1, 1994 and recorded December 6, 1994, and a second amended mechanics lien dated and recorded January 18, 1995. However, Kennedy Electrical alleges that its lien commenced on, or about, November 11, 1993, the date it began work on the property.
The defendant, General Electric Capital Corporation (herein GECC), claims an interest in the property by virtue of an open-ended consolidated mortgage dated November 20, 1992 and recorded on December 1, 1992.
The defendant, Congress Financial Corporation (herein Congress), claims an interest in the property by virtue of a mortgage which was recorded on May 27, 1994.
The plaintiff, RJB Contracting, Inc. (herein RJB), claims an interest in the property by virtue of a mechanic's lien which was recorded on December 1, 1994, effective on or about the date work commenced which is on or about August 19, 1993.
GECC entered into subordination agreement, subordinating its mortgage CT Page 13010 interest in the amount of $275,000., with Congress, which was recorded on May 27, 1994.
The defendants have failed to pay the debts listed above and the property is in foreclosure. The motions at hand ask the court to declare the order the priorities of the outstanding debts. Following is an analysis of each parties rights and their standing toward any money recovered in the foreclosure.
B. DISCUSSION
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Millerv. United Technologies Corp., 233 Conn. 732, 745, (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v. Rubenstein,201 Conn. 39, 48, 513 A.2d 98 (1986); 2830 Whitney Ave. v.Heritage Can. Dev. Assoc., supra 33 Conn. App. 567.
In determining whether a material fact exists, the burden is on the movant to prove no material facts exists. "The party moving for summary judgment has the burden of showing the absence of any genuine issues as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Suarez v. Dickmont Plastics Corp., supra229 Conn. 105; Miller v. United Technologies Corp., supra233 Conn. 752-53; Gambardella v. Kaoud, supra 38 Conn. App. 358.
"The burden of proof is on the moving party and the standards of summary judgment are strictly and forcefully applied. " Millerv. United Technologies Corp., supra 233 Conn. 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.). New Milford Savings Bank v. Roina,
supra 38 Conn. App. 244; Suarez v. Dickmont Plastics Corp., supra229 Conn. 105. "In a summary judgment motion, the parties are entitled to consideration, not only of the facts presented by CT Page 13011 their affidavits, but of the and inferences which could be reasonably and logically drawn from them as well." De Dominicisv. American National Fire Ins. Co., 2 Conn. App. 686, 687,483 A.2d 616 (1984).
The plaintiff's memorandum in support of its motion for summary judgment (#169) alleges that the subordination agreement between GECC and Capital alters the priority of not only GECC and Capital, but RJB's priority as well. RJB alleges that the subordination agreement causes Capital to swap places with GECC, entitling Capital to priority in the amount of $275,000.00 and GECC assumes Capital's priority, which is inferior to that of RJB's.
Kennedy Electrical alleges that its mechanic's lien pursuant to General Statutes § 49-33 gives it priority over GECC by virtue of the subordination agreement. Kennedy Electrical alleges that its lien commenced on, or about, November 11, 1993, the date it began work on the property, which date is prior to the execution of the subordination agreement. Kennedy Electrical's argument is similar to RJB's, set forth above.
GECC alleges that it: has priority by virtue of its recorded mortgage in December 1, 1992 and that its subordination agreement with Capital has no effect on its position relative to any other lienholder. GECC argues that its priority over RJB and Kennedy Electrical is in excess of the $275,000.00 subordinated to Capital, and that if it chooses to set aside $275,000.00 of that interest for Capital, it may do so. GECC further argues, that the subordination agreement specifically stated that no outside parties were to benefit from the agreement. Lastly, GECC argues that it has not prejudiced RJB or Kennedy Electrical by this subordination agreement because it has not increased its original priority amount by the amount promised to Capital, it only parcelled out a portion of its interest, thus RJB and Kennedy Electrical are still in the same position they were in prior to the subordination agreement.
The parties agree that this issue appears to be a case of first impression in this state. Because of the lack of binding Connecticut authority, the parties have supplied this court with case law from other jurisdictions.
In the opinion of this court, the most persuasive analysis was provided by the Michigan Bankruptcy court in Matter ofCT Page 13012Cliff's Ridge Skiing Corp., 123 B.R. 753 (Bkrtcy. W.D.Mich. 1991). Although this case involved the Uniform Commercial Code and fixtures, the court finds that the reasoning is applicable to real estate and thus, the case at hand.
In Cliff's Ridge the court was faced with deciding the relative priorities among claimants after a valid subordination agreement was entered into. Id., 766-67. The difficulty arose when the party with first priority (herein A) entered into a subordination agreement with the party in third priority (herein C). The party in second priority (herein B) was not a party to the subordination agreement. The subordination agreement permitted "C" to take up to the amount that "A" had priority over "B". In describing how to set the priority, the court used the following example:
 1. Set aside from the fund the amount of "A"'s claim.
 2. Out of the money set aside, pay "C" the amount of its claim, pay "A" to the extent of any balance remaining after "C"'s claim is satisfied.
 3. Pay "B" the amount of the fund remaining after "A"'s claim has been set aside.
 4. If any balance remains in the fund after "A"'s claim has been set aside and "B"'s claim has been satisfied, distribute the balance to "C" and "A" . . .
 Thus, "C", by virtue of the subordination agreement, is paid first, but only to the amount of "A"'s claim, to which "B" was in any event junior. "B" receives what it expected to receive, the fund less "A"'s prior claim. . . . "A", the subordinator, receives noting until "B" and "C" have been paid except to the extent that its claim, entitled to first priority, exceeds the amount of "C"'s claim, which, under its agreement, is to be paid first. (Internal citations omitted)."
Id., 767. CT Page 13013
Applying the above analysis to the instant case, Capital would be represented by "C", GECC would be "A" and RJB and Kennedy Electrical would by "B". The order of priorities would be as follows: (1) set aside GECC's senior lien (out of which Capital takes the first $275,000.00), (2) GECC would get the remainder of the original amount less the $275,000.00, (3) then RJB and Kennedy Electrical would get paid out of the remaining funds, (4) any remainder would go to GECC's remaining debt of $275,000.00, and (5) any further remainder would go to the other lien holders. In this manner, neither RJB nor Kennedy Electrical are prejudiced because they were always junior to GECC's prior interest, regardless of whom it is paid to.
The alternative view, as set forth by RJB and Kennedy Electrical in their memoranda in support, principally rely on the cases of Shaddix v. National Surety Company, 128 So. 220 (Ala. 1930) and Ladner v. Hogue Lumber Supply Company, 91 So.2d 545
(Miss. 1956).
In Shaddix the first and third parties in priority entered into a subordination agreement, whereby the first party agreed to subordinate itself to the interest of the party in third priority. The court interpreted this agreement to have the effect of making the first party subordinate not only to the third party but also the second party. This is even though the second party was not a party to the subordination agreement. Ladner
resulted in a similar disposition as Shaddix.
This is an inequitable result, as well as a misapplication of the intent of the parties. The better reasoned view, in this court's opinion, was that expressed in Cliff's Ridge when the court stated: "More importantly, this court strongly believes that the better reasoned resolution of the circular priority dilemma mandates that Cliff's Ridge Dev.'s [RJB and Kennedy Electrical in our case] initial priority should not be altered, either beneficially or adversely, as a result of a subordination agreement to which it was not a party." Matter of Cliff's RidgeSkiing Corp., supra 123 B.R. 768. The non-subordination parties, herein are not to be subordinated to any proceeds in excess of the original amount they were previously
C. CONCLUSION
Since no genuine question of material fact exists, as to the priorities of the moving parties, the court having determined the CT Page 13014 following priorities exist:
1. Capital $ 275,000.00
2. GECC $
3. RJB $
4. Kennedy Electrical $
5. GECC $ 275,000.00
6. Remaining lien holders
For the reasons herein stated, it is concluded that judgment, ought to be and is hereby entered as follows:
 1. Plaintiff RJB's Motion for Partial Summary Judgment of GECC's Special Defense #169 is hereby denied.
 2. Defendant Kennedy Electrical's Motion for Partial Summary Judgment as to GECC's Special Defense to Kennedy Electrical's Cross-Complaint #170 is hereby denied.
 3. Defendant GECC's Cross-Motion for Partial Summary Judgment #179 is hereby granted.
It is so ordered,
ARENA, J.