[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
FACTS
The operative amended complaint in this case was filed by the plaintiff, Carole Burnham, on January 24, 1995, naming as defendants Karl Gelb, P.C., a dental office, and periodontists Edward H. Karl and David A. Gelb. The amended complaint sounds in three counts, with each count directed to each of the defendants, CT Page 3594 as follows: (1) breach of contract; (2) negligent misrepresentation; and (3) wrongful termination.
The allegations in the complaint arise from the plaintiff's discharge from employment at Karl Gelb, P.C. According to the amended complaint, plaintiff was briefly employed by Karl Gelb, P.C. for clerical and office management tasks from July 6, 1993, until November 22, 1993. (See Amended Complaint, ¶¶ 6, 12.) The plaintiff allegedly passed a "90 day probation period" on October 6, 1993. (See Amended Complaint, ¶ 11.)
The defendant corporation filed an answer to the plaintiff's amended complaint on February 14, 1995, setting forth three special defenses. Karl and Gelb individually also filed an answer on February 14, 1995, accompanied by the same three special defenses as those asserted by the defendant corporation. The special defenses are as follows: (1) the plaintiff was an employee at will and thus could be terminated at the will of the defendants; (2) the plaintiff has failed to exhaust administrative remedies; and (3) the plaintiff's claims are barred and preempted by state and federal law.
The defendants filed a motion seeking summary judgment as to each count of the amended complaint on September 23, 1996. This motion for summary judgment was accompanied by a memorandum of law, supporting affidavits, and deposition testimony. The plaintiff filed a memo in opposition to this motion for summary judgment on November 18, 1996, accompanied by deposition testimony and several exhibits. The defendants then filed a reply memorandum on November 22, 1996. The plaintiffs submitted a supplemental memorandum on December 6, 1996, to which the defendants responded on December 11, 1996. The arguments raised in this pending motion and subsequent memoranda will be discussed below as to each count. For the reasons stated, the motion is granted as to each count.
LEGAL STANDARDS — SUMMARY JUDGMENT
Initially, it is helpful to recall the extremely high burden which must be shouldered by a party moving for summary judgment.
[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claims by showing that there is a genuine issue of material fact together CT Page 3595 with the evidence disclosing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Hare v.McClellan, 234 Conn. 581, 587, 662 A.2d 1242 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). The court may consider "not only the facts presented by [the parties]' affidavits, but [also] the `inferences which could be reasonably and logically drawn from them' as well." De Demonicis v. American National Fire InsuranceCo., 2 Conn. App. 686, 687, 483 A.2d 616 (1984). See also Siudylav. Chemexec Relocation Systems, 23 Conn. App. 180, 185,579 A.2d 578 (1990) (applying same standard). "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." Evans Products Co. v. Clinton BuildingSupply. Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978).
Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
First Count: Breach of Contract
The plaintiff alleges in her amended complaint that an implied contract existed with the defendants allowing termination for cause only. The defendants assert that the plaintiff was terminable at will and thus could be terminated for any reason or no reason at all.
The Connecticut Supreme Court has stated, "[a]t the outset, we note that all employer-employee relationships not governed by express contracts involve some type of implied `contract' of employment." Torosyan v. Boehringer Ingelheim Pharmaceuticals,Inc., 223 Conn. 1, 13, 662 A.2d 89 (1995). "Typically, an implied contract of employment does not limit the terminability of an employee's employment but merely includes terms specifying wages, working hours, job responsibilities and the like. Thus, as a general rule, contracts of permanent employment, or for an indefinite term, are terminable at will." (Citation omitted; internal quotation marks omitted.) Id., 14. "[T]he default rule of employment at will can be modified by the agreement of the parties." Id. "A contract implied in fact, like an express contract, depends on actual agreement." Barry v. Posi-SealInternational. Inc., 36 Conn. App. 1, 5, 647 A.2d 1031 (1994). CT Page 3596
Reviewing all facts alleged in the light most favorable to the plaintiff and construing all reasonable inferences in her favor, the facts establish at most that the plaintiff passed something similar to a "probationary period" of approximately three months. There are no facts in the record, however, from which it can be concluded that in completing this brief "probationary period," plaintiff's status changed from that of an at-will employee. Unlike in many other cases, there is no employee handbook making representations from which a contract of employment can reasonably be inferred. See Plaintiff's Exhibit A, Deposition of Dr. David Gelb, pp. 23-25, 48, discussing existence of probationary period; Defendants' Exhibit, Certified Transcript of Deposition of Carole Ann Burnham, pp. 79-80, 125-26 wherein plaintiff acknowledges that there was no guarantee as to how long she would remain employed by the defendants; Affidavit of David A. Gelb, ¶¶ 4, 6; Affidavit of Edward H. Karl, ¶¶ 4, 6. Plaintiff's deposition testimony concerning alleged representations made by defendants to another employee, Misty Darling, do not aid her. I conclude that plaintiff has failed to demonstrate that any genuine issue of material fact exists as to the first count requiring a trial. Accordingly, the defendants' motion for summary judgment is granted as to the first count.
Second Count: Negligent Misrepresentation
The plaintiff alleges that the defendants misrepresented what criteria would be used to judge her performance. (See Amended Complaint, count 1, ¶ 18; count 2, ¶ 22.) The defendants assert that (1) the plaintiff was an employee at will, terminable for any or no reason; and (2) that no representations were made as to performance expectations. Based on my review of the full record, I credit both of defendants' arguments.
"[The Connecticut Supreme Court] has long recognized liability for negligent misrepresentation . . . even an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." (Citation omitted; internal quotation marks omitted.)D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 218, 520 A.2d 217 (1987). "For purposes of a cause of action for negligent misrepresentation . . . the plaintiff need not prove that the representations made by the defendants were promissory. It is sufficient to allege that the representations contained false information." Id., 218. "[C]ourts liberally construe the pleadings in a way so as to sustain such a CT Page 3597 claim, particularly where the allegations in a complaint indicate, on their face, that an employer failed to exercise reasonable care in making representations to an employee on which the employee relied to his detriment." Id., 219-20. For a claim for negligent misrepresentation, "the plaintiff must allege and prove that the reliance on the misstatement was justified or reasonable. [The Supreme Court has] consistently held that reasonableness is a question of fact for the trier to determine based on all of the circumstances." Williams Ford. Inc. v.Hartford Courant Co., 232 Conn. 559, 579-80, 657 A.2d 212 (1995).
Once again, even viewing all the facts in the light most favorable to the plaintiff and construing all possible reasonable inferences in her favor, the plaintiff has failed to demonstrate that a genuine issue of material fact exists as to whether the defendants negligently misrepresented (1) that the plaintiff could be terminated for cause only, rather than at the defendants' will, see discussion as to first count, above; and (2) the job goals and expectations by which the plaintiff's performance would be judged. See Defendants' Exhibit/Plaintiff's Exhibit B, Carole Burnham's Deposition, pp. 122, 125-26, 128, noting that the defendants did not provide her with goals or performance expectations and that the defendants did not discuss with her whether she could be terminated with or without cause. See also Defendants' Affidavit of David A. Gelb, ¶ 5, 6 and 7; Defendants' Affidavit of Edward H. Karl, ¶¶ 5, 6 and 7.
(The defendants, it should be noted, see paragraphs 7 of their affidavits, state they terminated plaintiff due to deficiencies in her job performance.)
Third Count: Wrongful Termination
The plaintiff alleges that she was terminated in retaliation for reporting the defendants' violations of the Occupational Safety and Health Act (OSHA). (See Amended Complaint, count 3, ¶¶ 27, 31). The plaintiff argues that, even if an OSHA remedy was available, this remedy would not provide adequate relief. (See Plaintiff's Supplemental Memorandum of Law in Opposition of Defendants' Motion for Summary Judgment, p. 1.) Plaintiff also alleges that she was terminated for telling defendants that their alleged instructions to discard employment applications from Black and Hispanics job applicants was violative of Title VII and General Statutes § 46a-60. (See Amended Complaint, third count, ¶¶ 30, 31.) The plaintiff alleges, as well, that she CT Page 3598 was terminated in violation of General Statutes §§ 31-51 and31-51m. (See Amended Complaint, third count, ¶ 31.)
Preliminarily, it should be recalled that the Connecticut Supreme Court "recognized a common law cause of action in tort for the discharge of an at will employee `if the former employee can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.'" (Emphasis in original.) Carbone v. AtlanticRichfield Co., 204 Conn. 460, 466-67, 528 A.2d 1137 (1987), quoting Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471,475, 427 A.2d 385 (1980). "[T]he right to recover in tort for wrongful discharge extends only to employees at will."D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,
supra, 202 Conn. 211 n. 1. "[I]t [is] clear that in order to state a cause of action for wrongful termination, an employee must allege he or she was terminated because of an attempt to uphold orvindicate an important public policy." (Emphasis added.) Ferrato v. N. Car Rental System. Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 549720 (July 18, 1996, Aurigemma, J.). The public policy exception is only available when the plaintiff is otherwise without remedy. SeeAtkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648,501 A.2d 1223 (1985).[1]
Upon full review of the record and all relevant case law, this court rejects the three underlying theories upon which the plaintiff bases her wrongful termination claim. As to the Title VII and General Statutes § 46a-60 basis, this court finds that the plaintiff has not established the existence of a genuine issue of material fact with which to support her wrongful termination claim. As to the OSHA basis, I conclude that the plaintiff's failure to exhaust all available administrative remedies precludes her wrongful termination claim. Finally, as to the General Statutes § 31-51m basis, this court finds that the plaintiff failed to (1) exhaust all available administrative remedies; and (2) comply with the reporting provisions of General Statutes § 31-51m.
(a) Violations of Title VII and General Statutes § 46a-60
The issue of whether this court has jurisdiction to entertain the plaintiff's cause of action for wrongful termination, premised on the plaintiff's discharge because of the plaintiff's confrontation with the defendants about their suspected CT Page 3599 discriminatory practices, has already been ruled on by Judge Blue in his Memorandum of Decision Re: Motion to Strike on January 9, 1995, p. 4. Judge Blue stated, "This is not a case like Atkins v.Bridgeport Hydraulic Co., 5 Conn. App. 643, 501 A.2d 1223 (1985), cited by the defendants, in which a plaintiff claims that he has been fired because of his own race. In such a case, Atkins holds, administrative remedies are available and must be exhausted prior to bringing a Sheets claim in court. The plaintiff's claim here is quite different. It is that she was fired for complaining about the violations of the civil rights of others. This is not a claim for which she has an obvious administrative remedy. She does, on the other hand, have an established common law right of action under Sheets. The court has jurisdiction to hear this matter." (Emphasis in original.)[2]
Nevertheless, even proceeding on the assumption of the proper jurisdiction of this court, see Breen v. Phelps, 186 Conn. 86,97-101, 439 A.2d 1066 (discussing law of the case doctrine),[3]
viewing all of the evidence in the light most favorable to the plaintiff, but faced with the plaintiff's own unrebutted sworn deposition testimony, see Defendants' Exhibit, Burnham Deposition, p. 90,[4] I conclude that the plaintiff's wrongful discharge claim based on Title VII and General Statutes §46a-60 violations must fail because the plaintiff's own deposition testimony establishes that no genuine issue of material fact exists as to the Title VII and General Statutes § 46a-60 basis of the plaintiff's wrongful termination claim.
(b) OSHA Violations
The defendants rely on Brotherton v. Burndy Corp., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 022481 (September 24, 1990, Fuller, J.) (citing Atkins v.Bridgeport Hydraulic Co., supra, 5 Conn. App. 643), for the proposition that a civil action for wrongful discharge is precluded if the plaintiff fails to apply for or exhaust administrative remedies through an OSHA proceeding. This proposition also finds support in similar holdings in other jurisdictions. See Miles v. Martin Marietta Corp., 861 F. Sup. 73,74 (D.Colo. 1994) (holding that a common law wrongful discharge cause of action does not exist where an OSHA remedy is available); Holmes v. Schneider Power Corp., 628 F. Sup. 937, 939
(W.D.Pa.), aff'd 806 F.2d 252 (3rd Cir. 1986) (holding that no private right of action exists under OSHA, but that "OSHA does specifically provide a statutory remedy for the type of CT Page 3600 retaliatory discharge alleged by plaintiff."); Id., 940 n. 5 (noting that "at least one other court has found no common law action based on OSHA," citing Walsh v. Consolidated Freightways,278 Or. 347, 563 P.2d 1205 (1977)).
In the absence of any clear appellate Connecticut authority to the contrary, and in light of similar holdings in other jurisdictions, I conclude that plaintiff's attempted use of OSHA violations to support a cause of action for wrongful termination fails as a matter of law because the plaintiff had a statutory administrative remedy available with OSHA. Accordingly, the violation does not fall under the public policy exception to the terminable at will doctrine. See Plaintiff's Exhibit M, Letter to James S. Brewer from John T. Phillips, Regional Administrator, OSHA, dated July 6, 1995, explaining that the plaintiff's file with OSHA was closed on April 5, 1994, due to the plaintiff's failure to respond to OSHA correspondences.[5] See also Holmesv. Schneider Power Corp., supra, 628 F. Sup. 939 (holding that "the Secretary's [of Labor] decision not to bring suit does not deprive the plaintiff of his statutory remedy. It is noteworthy that Pennsylvania courts have found a common law action based on the public policy exception only in cases where no statutory remedy is available."). (Emphasis in original.)
(c) General Statutes §§ 31-51 and 31-51m
The plaintiff also alleges a violation of General Statutes § 31-51[6] and 31-51m to support her claim for wrongful termination. The defendants argue that the plaintiff has failed to exhaust administrative remedies with OSHA and that exhaustion of administrative remedies is a prerequisite to bringing a cause of action under General Statutes § 31-51m. The plaintiff asserts that administrative remedies are not available under General Statutes § 31-51m.
General Statutes § 31-51m(b) provides in relevant part: "No employer shall discharge . . . any employee because the employee . . . reports, verbally or in writing, a violation or a suspected violation of any state or federal law or regulation . . . to a public body . . . ." (Emphasis added.) General Statutes § 31-51m(c) reads in relevant part: "Any employee who is discharged . . . by his employer in violation of the provisions of subsection (b) may, after exhausting allavailable administrative remedies, bring a civil action." (Emphasis added.) CT Page 3601
It appears that a claim for violation of General Statutes § 31-51m and for wrongful discharge may coexist. See Weeks v.Office of Urban Affairs, Superior Court, judicial district of New Haven at New Haven, Docket No. 339298 (September 13, 1994, Martin, J.) (stating, "General Statutes § 31-51m contains no language which expresses the intent of the legislature to make this statute an exclusive remedy for wrongful discharge.");Kirchner v. Bicron Electronics Co., Superior Court, judicial district of Litchfield, Docket No. 067312 (May 4, 1995, Fineberg, J., 14 Conn. L. Rptr. 236).
A violation of General Statutes § 31-51m may support a claim for wrongful discharge. See, e.g., Lebow v. AmericanChemical Refining, Superior Court, judicial district of Waterbury, Docket No. 112554 (August 1, 1994, Sylvester, J.) ("Public policy has been violated if the court finds that the plaintiff was terminated in retaliation for reporting violations of environmental and health and safety codes to his superiors . . . .").
In the present case, the plaintiff essentially hinges her General Statutes § 31-51m claim on the fact that she reported the defendants' violations of OSHA, Title VII, and General Statutes § 46a-60, respectively to the Connecticut State Dental Association and to the defendants personally.
As discussed above, the plaintiff has failed to exhaust her administrative remedies with OSHA. Accordingly, the plaintiff has failed to comply with the provisions of General Statutes §31-51m(c). As a result, the plaintiff's allegation of being terminated for reporting the defendants' suspected OSHA violations cannot support, as a matter of law, a cause of action under General Statutes § 31-51m.
As has also been discussed above, plaintiff has failed to demonstrate that any genuine issue of material fact exists as to whether she was terminated because she opposed the defendants' practices that allegedly violated Title VII and General Statutes § 46a-60. I conclude that plaintiff's claim under General Statutes § 31-51m must fail as a matter of law with respect to the alleged violations of General Statutes § 46a-60 and Title VII because the plaintiff did not report these suspicions to a public body as required under the plain language of General Statutes § 31-51m. Instead, the plaintiff confronted the CT Page 3602 defendant employers about their alleged illegal discriminatory practices.[7]
For the foregoing reasons, I conclude that the plaintiff's General Statutes § 31-51m basis for count three must fail.See also Dais v. Laidlaw Transit, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 146079 (March 29, 1996, Ryan, J., 16 Conn. L. Rptr. 392) (holding that a wrongful discharge claim may not be based on a violation of General Statutes § 31-51 et seq. because this statute offers a statutory remedy).
Conclusion
Review of the full record in this case leads me to conclude that no genuine issue of material fact exists as to any of the three counts in the complaint. Defendants' motion for summary judgment is therefore granted as to the First, Second and Third Counts, for the reasons stated above.
Douglas S. Lavine Judge, Superior Court