[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT ON LIABILITY
The plaintiff, Alexander Zimnoch, filed a complaint for interpleader on April 29, 1996. The complaint names as defendants: Connecticut Natural Gas ("CNG"), the plaintiff's "present or former employer"; Paul Revere Insurance Group a.k.a CT Page 5326 Paul Revere Life Insurance Company ("Paul Revere"), which administered long-term disability benefits for CNG; Travelers Insurance Company ("Travelers"), the third party administrator of CNG's workers' compensation insurance policy; and Second Injury Fund ("SIF"), authorized to pay workers' compensation temporary total disability benefits to claimants on claims transferred to it. The complaint alleges that Paul Revere issued a notice of lien to CNG, Travelers, and SIF, asserting a claim on the workers' compensation benefits owed to the plaintiff pursuant to a finding and award of the workers' compensation commission, Fifth District, dated September 25, 1995. The complaint further alleges that on or about March 1, 1996, Paul Revere unilaterally stopped making long-term disability payments to the plaintiff, and that no workers' compensation benefits have been paid by any party pursuant to the September 25, 1995 order. As a result of the notice of lien and the plaintiff's belief that Travelers and CNG are ready and willing to make workers' compensation benefit payments to either Paul Revere or the plaintiff once the court determines which party is entitled to the benefits, the complaint challenges the "validity and/or amount of the lien" asserted by Paul Revere.
Paul Revere filed an answer and four special defenses on June 20, 1996.[1] Paul Revere admits the following: that the plaintiff is eligible for workers' compensation benefits pursuant to the September 25, 1995 award; that Paul Revere paid long-term disability benefits to the plaintiff pursuant to a group long-term disability policy issued to CNG; and that on or about March 1, 1996, Paul Revere ceased payment of long-term disability payments pending reimbursement by the plaintiff of any overpayment received. Paul Revere denies that its lien is invalid or that the amount of the lien is incorrect. In its special defenses, Paul Revere claims the following: (1) Paul Revere overpaid long-term disability benefits and is entitled to reimbursement; (2) the plaintiff's long-term disability policy provides for the reduction of benefits by the amount of workers' compensation benefits received; the notice of lien is therefore valid against any workers' compensation benefits; (3) all proceedings are governed by ERISA, 29 U.S.C. § 1001 et seq.; and (4) Paul Revere is entitled to reasonable attorneys' fees for defending this action pursuant to 29 U.S.C. § 1132 (g).
Paul Revere filed a motion for summary judgment as to liability on February 7, 1997. The motion for summary judgment was accompanied by a memorandum of law and supporting exhibits, CT Page 5327 including: (a) an affidavit of Patricia M.P. Baba, the manager of the group disability claims department at Paul Revere; (b) a copy of CNG's group long-term disability policy with Paul Revere; (c) the finding and award of the workers' compensation commission, Fifth District, dated September 25, 1995; and (d) Paul Revere's March 13, 1996 notice of lien. The plaintiff filed its objection to this motion for summary judgment on March 24, 1997. The plaintiff's memorandum in opposition is accompanied by: (1) an affidavit of the plaintiff's attorney; (2) the finding and award of the workers' compensation commission, First District, dated January 16, 1997;[2] (3) a letter from CNG to Mr. and Mrs. Alexander Zimnoch, discussing the interplay of CNG's sick pay plan and long-term disability benefits; and (4) the first page of CNG's summary plan description of its group long-term disability plan for non-union employees ("summary plan description").
"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact, a party opposing summary judgment must substantiate its adverse claims by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted; internal quotation marks omitted.) Hare v.McClellan, 234 Conn. 581, 587, 662 A.2d 1242 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). The court may consider "not only the facts presented by [the parties] affidavits, but [also] the `inferences which could be reasonably and logically drawn from them' as well." De Demonicis v. American National Fire InsuranceCo., 2 Conn. App. 686, 687, 483 A.2d 616 (1984). See also Siudylav. Chemexec Relocation Systems, 23 Conn. App. 180, 185,579 A.2d 578 (1990) (applying same standard). Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp.,233 Conn. 732, 751, 660 A.2d 810 (1995).
Paul Revere argues that, as a matter of law, it is entitled to summary judgment as to the validity of its lien rights pursuant to General Statutes § 38a-470 and the language of its group long-term disability policy. In opposition, the plaintiff contends that questions of material fact exist which prevent the granting of Paul Revere's motion. Specifically, the plaintiff contends that questions exist as to: (1) CNG's claim that it is entitled to offset the workers' compensation benefits CT Page 5328 owed by the sick pay already paid to the plaintiff; (2) the amount of attorneys' fees to be paid pursuant to the January 16, 1997 finding and award of the workers' compensation commission, First District; and (3) the lack of coordination of benefits of CNG's sick pay plan and long-term disability plan.
General Statutes § 38a-470 (b) provides in relevant part: "Any insurer . . . which furnished benefits . . . under a health insurance or a self-insured employee welfare benefit plan to any person suffering an injury or illness covered by the Workers' Compensation Act has a lien on the proceeds of any award or approval of any compromise made by a workers' compensation commissioner less attorneys' fees approved by the districtcommissioner and reasonable costs related to the proceeding, to the extent of benefits paid or services provided for the effects of the injury or illness arising out of and in the course of employment as a result of a controverted claim, provided suchplan, policy or contract provides for reduction, exclusion, orcoordination of benefits of the policy or plan on account ofworkers' compensation benefits." (Emphasis added.)
The long-term disability plan issued by Paul Revere to CNG provides for the reduction of long-term disability payments if workers' compensation benefits are received. The plan states: "Benefit payments may be reduced if the employee receives income from other sources. When and how this occurs is described in the section entitled Benefit Reductions." (See Defense Exhibit B, section 2.) In section 3 of the policy, titled "Benefit Reductions," the policy explains how long-term disability benefits are reduced[3] and lists workers' compensation benefits as an income source which will reduce long-term disability payments under the policy.[4] The policy also expressly sets forth Paul Revere's authority to recover overpayments made, stating: "If the monthly benefit for any month is overpaid, we have the right to recover the amount overpaid. We may do this by deducting the amount overpaid from any future payments." (See Defense Exhibit 3, section 2.)
It is the opinion of the court that this contractual language satisfies the requirements of General Statutes § 38a-470 by explicitly indicating that insurance benefits will be reduced by the amount of workers' compensation benefits received. It follows that Paul Revere has a valid lien against any future workers' compensation benefits to be received by the plaintiff. Accordingly, Paul Revere's motion for summary judgment as to its CT Page 5329 liability, i.e. the validity of the lien, is granted. This recommendation has no bearing on the potential liability of CNG or the other defendants.
Although the court has determined the validity of Paul Revere's lien at this time as a matter of law, it cannot yet determine the amount owing under the lien because of the existence of questions of material fact. For example, a question of material fact exists as to attorneys' fees and the reasonable costs relating to this proceeding, both of which should be deducted from the amount paid to Paul Revere under the lien. See General Statutes § 38a-470. (See also Plaintiff Exhibit, copy of Finding and Award of the Workers' Compensation Commission, First District, January 16, 1997, p. 2; supra note 1.) A question of material fact also exists as to how to calculate the offset of long-term disability benefits with workers' compensation benefits. (See Defense Exhibit B, group long-term disability policy;[5] Plaintiff Exhibit, summary plan description, "Benefit Amount.")[6]
Robert J. Hale Judge Trial Referee