EDWARD LARSON *v.* PAUL S. FAZZINO ET AL.
(14058)

PETERS, C. J., CALLAHAN, COVELLO, HULL and BORDEN, Js.

Argued September 26—decision released November 13, 1990

---

*Michael F. Dowley,* with whom, on the brief, was *Gregory Harris,* for the appellant (plaintiff).

*Kenneth H. Antin,* for the appellees (defendants).

COVELLO, J. This is an action to quiet title to real property and to enjoin the defendants' interference with certain easements claimed by the plaintiff over the defendants' land. The dispositive issue is whether the defendants' failure to answer the plaintiff's request for admissions within the thirty days required by Practice Book § 239[1] caused the requests to be conclusively established against the defendants.[2] We conclude that the plaintiff waived the thirty day limit under Practice Book § 239 by failing to inform the attorney state trial referee that he intended to rely on its effect and by allowing the defendants to testify, without objection, in a manner contrary to the requested admissions.

On August 7, 1986, the plaintiff began this action alleging that the defendants had interfered with the

---

[1] Practice Book § 239 provides in pertinent part: "Each matter of which an admission in requested is admitted unless, within thirty days after the filing of the notice required by Sec. 238 (b), or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or his attorney."

[2] The plaintiff further claimed (1) that the state trial referee should have ordered a new trial after the defendants were allowed to withdraw their admissions after trial, (2) that the state trial referee improperly overruled the plaintiff's exceptions to the attorney state trial referee's report, (3) that the state trial referee improperly overruled the plaintiff's objections to the attorney state trial referee's report, and (4) that the state trial referee improperly rendered judgment on the attorney state trial referee's report. The plaintiff's objections and exceptions to the attorney state trial referee's report, however articulated, were based largely on the trial court's refusal to accept, as conclusively established, the plaintiff's requested admissions. In view of our disposition of the principal issue we do not reach these additional claims.

plaintiff's use of an easement of record over the defendants' land, and that his use and that of his predecessors in title had established an easement by prescription over the defendants' land. On October 31, 1986, the plaintiff served a request for admissions on the defendants pursuant to Practice Book § 239. In his request for admissions, the plaintiff had asked that the defendants admit, inter alia, that they had prevented the plaintiff from enjoying the use of the easement and that the plaintiff had established a prescriptive easement by fifteen years of uninterrupted use. On October 16, 1987, over eleven months later, the defendants filed late answers, denying these allegations.

On March 29 through April 5, 1989, the case was tried to an attorney state trial referee.[3] The gravamen of the plaintiff's claim was that the defendants had interfered with the plaintiff's record easement by placing boulders and erecting a curbed island within the easement as well as by harassing the delivery trucks serving the plaintiff's store. In support of his claim, the plaintiff sought and was granted permission to enter into evidence the requested admissions and the defendants' answers.[4] The plaintiff did not state at that time that he intended to rely not on the content of the defendants' responses, but on the negative legal effect of Practice Book § 239 which would have conclusively established the contents of the plaintiff's admissions against the defendants.

---

[3] See Practice Book §§ 428 through 443.

[4] To take advantage of admissions, the requests and the answers thereto should be introduced into evidence. See 8 C. Wright & A. Miller, Federal Practice and Procedure (1970) § 2264. Otherwise, there would be no opportunity to test their evidentiary competence. *S. Kembel Fischer Realty Trust* v. *Board of Appeals,* 9 Mass. App. 477, 479, 402 N.E.2d 100, cert. denied sub nom. *Costello* v. *Board of Appeals,* 449 U.S. 1011, 101 S. Ct. 566, 66 L. Ed. 2d 468 (1980); *Falcone* v. *Night Watchman, Inc.,* 11 Conn. App. 218, 219 n.1, 526 A.2d 550 (1987).

On April 21, 1989, the plaintiff filed a posttrial memorandum asking, for the first time, that the attorney state trial referee find the requested admissions to be conclusively established against the defendants. On May 11, 1989, the attorney state trial referee filed his findings in which he recommended that all the factual issues be resolved in favor of the defendants. On September 14, 1989, the state trial referee accepted the attorney state trial referee's findings and rendered judgment for the defendants, rejecting the plaintiff's argument that the court had to render judgment in favor of the plaintiff based on the preclusive effect of Practice Book § 239. The plaintiff appealed to the Appellate Court. We thereafter transferred the appeal to this court pursuant to Practice Book § 4023.

Practice Book § 239 states in relevant part that "[e]ach matter of which an admission is requested is admitted unless, within thirty days . . . or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves . . . a written answer or objection." We have uniformly held that time limits in the Rules of Practice are procedural in nature and not jurisdictional, and, therefore, "any defect caused by noncompliance with the rule may be waived by the opposing party . . . ." *Lo Sacco* v. *Young,* 210 Conn. 503, 507–509, 555 A.2d 986 (1989); (Practice Book defect waived by failure specially to plead); *Pepe* v. *New Britain,* 203 Conn. 281, 286–88, 524 A.2d 629 (1987) (failure to raise noncompliance with Practice Book section waived time limit); *Windham Community Memorial Hospital* v. *Willimantic,* 166 Conn. 113, 115, 348 A.2d 651 (1974); *Avis Rent-A-Car System, Inc.* v. *Crown High Corporation,* 165 Conn. 608, 614, 345 A.2d 1 (1973). "Waiver is a question of fact for the trier" and " ' "may be inferred from the circumstances if it is reasonable so to do. . . ." ' "

(Citations omitted.) *Loda* v. *H. K. Sargeant & Associates, Inc.,* 188 Conn. 69, 76, 448 A.2d 812 (1982).

At the beginning of trial, the plaintiff offered into evidence both the request for admissions and the defendants' late filed responses without alluding to the alleged legal consequences of the defendants' unexcused delay. By offering the defendants' answers, the plaintiff led the attorney state trial referee and the defendants' counsel to believe that he was relying on the content of the answers and not on the negative implication of the requested admissions. By failing to inform the attorney state trial referee of his intended reliance on Practice Book § 239, the plaintiff waived his right to have the requested admissions conclusively established against the defendants.

The plaintiff further waived his right to rely on the preclusive effect of Practice Book § 239 by failing to object when the defendants introduced evidence at trial that directly contradicted the content of the plaintiff's requested admissions. Specifically, the plaintiff did not object when the defendants introduced evidence that the plaintiff had not used the easement continuously for fifteen years and that boulders were not placed within the boundaries of the record easement. This testimony was directly opposite to the preclusive effect of the admissions that the plaintiff subsequently sought to have held against the defendants. See *Royal Homes, Inc.* v. *Dalene Hardwood Flooring Co.,* 151 Conn. 463, 466, 199 A.2d 698 (1964) (defect in pleading waived because the opposing party allowed evidence in without objection). "A party waives his right to rely on the conclusive effect of responses to requests for admissions when he permits the party who made the responses to testify at trial, without objection, contrary to his responses." *TransiLift Equipment, Ltd.* v. *Cun-*

*ningham,* 234 Va. 84, 91, 360 S.E.2d 183 (1987); *Foellmi* v. *Smith,* 15 Wis. 2d 274, 289–90, 112 N.W.2d 712 (1962).

The judgment is affirmed.

In this opinion the other justices concurred.