[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bridgeport Hospital, commenced this action against the defendant, Thomas Henderson, and alleged that it provided medical services for the defendant's minor son from March 21, 1985 until May 7, 1985. The plaintiff further alleges that on March 21, 1985, the defendant executed a payment guarantee, promising to pay the plaintiff for all medical services rendered to the defendant's minor son. The plaintiff also asserts that its demand for payment was ignored by the defendant, and that the defendant owes the plaintiff $21,266.18, exclusive of collection costs and attorneys' fees.
On June 26, 1991, the plaintiff filed a request to admit the following:
 (1) Beginning March 21, 1985, Bridgeport Hospital rendered services to Christopher Henderson;
 (2) Christopher Henderson is the minor son of Albert Henderson;
 (3) Albert Henderson signed [the payment guarantee which is attached to the revised complaint as Exhibit "B"];
(4) The amount due for hospital services. . .is $21,262.18.
On July 10, 1992, the plaintiff filed a motion for summary judgment pursuant to Practice Book 379. In support of its motion, the plaintiff filed a copy of the payment guarantee and a copy of the unanswered requests to admit.
The defendant submitted a notice of filing on July 24, 1992, along with his responses to the plaintiff's requests to admit. The defendant also submitted an objection to the plaintiff's motion for summary judgment, along with his affidavit, and other documents.
Practice Book 384 provides that summary judgment "shall be renderd forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650, CT Page 8415594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985).
In support of its motion, the plaintiff argues that because the defendant did not respond to the requests to admit within thirty days, those requests should be deemed as admitted. In response, the defendant argues that genuine issues of material fact exist.
Practice Book 239 provides that "[e]ach matter of which an admission is requested is admitted unless, within thirty days. . .or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection. . . . The plaintiff has introduced the admissions into evidence, and has asserted the preclusive effect of Practice Book 239 (and has not waived the defendant's noncompliance). See Larson v. Fazzino, 216 Conn. 431, 434-35,582 A.2d 179 (1990) and Falcone v. Night Watchman, Inc.,11 Conn. App. 218, 219 n. 1, 526 A.2d 550 (1987). Thus, pursuant to Practice Book 239, the defendant has admitted: (1) that the plaintiff rendered services to his minor son; (2) that he signed a document which obligates him to pay for these services; and (3) that he owes the plaintiff $21,262.18 (not including any collection costs and attorneys' fees).
However, the defendant, by way of affidavit, attests to the following:
 3) Bridgeport Hospital instituted a law suit against my former wife, Tamara Henderson, in the State of New York for collection of the same debt it claims that I owe as alleged in its complaint.
 The law suit against my former spouse was resolved by a stipulation in which it was agreed that Bridgeport Hospital would be paid $17,000.00 (Seventeen Thousand Dollars) by Blue Cross for the debt alleged to be owed by me in the instant case.
 5) On the date of this occurrence, the above insurance clause 5.(a) was in effect and Tamara Henderson was responsible for insurance coverage.
 6) Due to the plaintiff's negligence in failing to process its claim with Blue Cross the bill was still outstanding.
CT Page 8416 7) On several occasions I have been in contact with the plaintiff and offered whatever assistance was necessary to it relative to the processing of this insurance claim. The Blue Cross claim No. is RN126777.
 8) As a result of the above facts the amount that is owed to the plaintiff, if any, is not ascertainable, nor is the responsibility for the balance of the debt.
 9) I have also raised as part of my defense the fact that the Statute of Limitations may bar this claim.
The unanswered request to admit, introduced into evidence by the plaintiff, states that the defendant owes the plaintiff $21,262.18, exclusive of collection costs and attorneys' fees. The defendant's affidavit states that the plaintiff received $17,000.00 from Blue Cross, which constitutes partial payment of the debt owed in this case.
Pursuant to Practice Book 239, the defendant has admitted that the plaintiff rendered services to the defendant's minor son and that the defendant signed an agreement which obligates him to pay for these services. The defendant's affidavit fails to raise any genuine issues of material fact with respect to the defendant's liability to the plaintiff for services rendered to his minor son, as the defendant does not contest the fact that he signed a payment guarantee which obligates him to pay for all such services rendered. Therefore, the only issue which remains is one concerning the actual amount that the defendant owes to the plaintiff. Practice Book 385 provides in pertinent part that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages."
Since the defendant's affidavit fails to raise any genuine issues of material fact concerning his liability, interlocutory summary judgment is entered in favor of the plaintiff on the issue of liability, and the matter should be claimed to the hearing in damages list to determine the exact amount of damages.
So Ordered.
Dated at Bridgeport, Connecticut this 3rd day of September, 1992.
WILLIAM B. LEWIS, JUDGE CT Page 8417