[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The present case involves a collision between the plaintiff's locomotive and a vehicle that was owned by Elrac, Inc. (Elrac) and leased to Michelle Tanz who are co-defendants. The plaintiff brought the action wherein the first count sounds in negligence and alleges that Tanz negligently drove upon a railroad crossing while the railroad crossing warning lights were activated causing a collision between the vehicle and the locomotive. As a result of the collision Metro's locomotive was damaged, two of its employees were injured and Metro expended money to satisfy the injury claims of its employees. The second count incorporates the first count and alleges lessor liability in that Tanz was operating the vehicle pursuant to a rental contract with Elrac. Metro alleges that pursuant to General Statute § 14-154a it is a beneficiary of the contract between Elrac and Tanz, and therefore, Elrac is liable for the damage Metro has suffered as a result of Tanz' negligence. The third count, negligent entrustment, incorporates the second count and alleges Elrac breached its duty of care by negligently entrusting the vehicle to Tanz without adequately ensuring that she was a careful driver. The fourth count incorporates the third count and alleges CT Page 3538 indemnification and active/passive negligence. Elrac filed a motion to strike this count however, and the motion was granted by the court, (D'Andrea, J.) on March 2, 1995.
The special defense of Elrac alleges that Metro's negligence was the cause of Metro's damages. Metro answers denying all allegations of Elrac's special defense. Tanz also filed an answer and special defense to Metro's amended complaint admitting that she was the lawful operator of the vehicle at the time of the accident and denying the material allegations of the complaint. Tanz' special defense asserted that the damages to Metro's property was caused by its own negligence, which Metro denied. On October 13, 1995, Tanz filed its response to Metro's March, 3, 1994, request to admit.
On August 2, 1996, Metro filed a request to file a motion for summary judgment accompanied by a motion for summary judgment, an affidavit, an uncertified copy of the rental agreement between Tanz and Elrac, a copy of a "Notice of Filing Request to Admit" directed to Tanz, a "Request to Admit" and a copy of Elrac's objection to Metro's request to admit directed to Tanz.
Tanz and Elrac have both objected to the motion for summary judgment and submitted supporting memoranda of law and an affidavit.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "As the party moving for summary judgment, the plaintiff is required to support its motion with supporting documentation, including affidavits." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122
(1995). "[T]he party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of CT Page 3539 material fact together with the evidence disclosing the existence of such an issue." (Internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 808, 679 A.2d 945 (1996). A motion for summary judgment is properly granted based on a failure to respond to a request to admit. See Orenstein v. Old BuckinghamCorporation, 205 Conn. 572, 575-577, 534 A.2d 1172 (1987) (affirming the granting of a summary judgment which was based upon admissions by the party who failed to respond to request to admit, even though an opposing affidavit was filed).
MOTION FOR SUMMARY JUDGMENT AS TO TANZ
Metro moves for summary judgment against Tanz on the ground that Tanz' failure to respond within thirty days to a request to admit, pursuant to Practice Book § 240, conclusively establishes her negligence. Accordingly, Metro argues that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law against Tanz. In opposition, Tanz argues that summary judgment is inappropriate because it never received the request to admit and there are mixed issues of law and fact.
On March 7, 1994, Metro provided notice to the court that it had served Tanz with a request to admit on March 3, 1994. The original notice is in the court file and a copy was attached to Metro's memorandum in support. The admissions asked Tanz to admit, among other things, the following: that she was in lawful possession of and operating the vehicle on the day of the accident pursuant to a rental contract with Elrac; that she observed the flashing railroad warning lights prior to entering the crossing, but failed to stop the vehicle and that her negligence was the proximate cause of the accident. (Request to admit, ¶ 5, 8, 9; Exhibit B.) Metro offers the affidavit of Karen J. Murray, office manager for Metro's counsel, who attests that she prepared and mailed, first-class, copies of plaintiff's request for admission to counsel for both defendants on March 4, 1994. She further attests that neither envelope was returned undelivered nor did she receive notice from the post office indicating that the envelopes did not reach their intended destination. (Affidavit of Karen J. Murray.) Murray also attests to the authenticity of an attached copy of the firm's postage meter log book which indicates that on March 4 mail was sent to counsel for Tanz and Elrac respectively. Metro also submits the affidavit of its counsel, John A. Blazi, who attests that he served Tanz with a request to admit and that Tanz failed to CT Page 3540 respond to the request within thirty days. Tanz filed her responses to the request on October 13, 1995.
Practice Book § 239 provides that "[e]ach matter of which an admission is requested is admitted unless, within thirty days . . . or within such shorter or longer time as the court may allow, the party to whom the request is directed files and serves upon the party requesting the admission a written answer or objection. . . ." Practice Book § 240 provides in pertinent part: "Any matter admitted under this section is conclusively established. . . ." In the present case Metro has attached the request to admit to its motion for summary judgment and has asserted the preclusive effect of Practice Book § 240. SeeLarson v. Fazzino, 216 Conn. 431, 432, 434-35, 582 A.2d 179
(1990) (to take advantage of a party's failure to respond to admissions, a party must introduce the requests to admit into evidence and inform the tribunal that the party intends to rely on the effects of the failure to respond). Accordingly, pursuant to Practice Book §§ 239 and 240 Tanz has admitted, among other things, that (1) she was legally in possession of the vehicle pursuant to a rental agreement with Elrac, (2) that she saw the flashing lights at the railroad crossing but still proceeded into the crossing and that (3) her negligence was the proximate cause of Metro's damages.
In opposition to the motion, Tanz offers the affidavit of her attorney, Robert Schwab, who attests that he never received a copy of the requests to admit. This affidavit fails to meet the obligation of the party opposing summary judgment to demonstrate the existence of a genuine issue of fact and the evidence disclosing that issue. "Rather than filing an affidavit showing that an issue of material fact existed as to the plaintiff's claim, the defendant [l]imited [her] response to the issue of whether [her attorney] had received the plaintiff's requests for admissions. The claimed nonreceipt of the requests for admissions [is] not a material fact for the purpose of the plaintiff's motion for summary judgment . . . ." Cummings Lockwood v. Gray,26 Conn. App. 293, 298, 600 A.2d 1040 (1991). Attorney Schwab's affidavit does not put a material fact in dispute for purposes of Metro's motion for summary judgment.
Tanz has admitted that she observed the flashing railroad warning prior to entering the crossing but that she failed to stop her vehicle prior to proceeding onto the crossing. She also admitted that her negligence was a cause of the accident. CT Page 3541 nevertheless, a material fact exists as to whether Tanz' negligence was the sole proximate cause of the accident. In her special defense Tanz alleges that Metro's own negligence caused it to suffer damages. Even when the requests are taken as admitted, Metro has failed to preclude this possibility, and thus there is a genuine issue of fact with respect to Tanz's liability, or at least the extent of it, to the plaintiff. SeeZimmerman v. Zografidis, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 129111 (August 12, 1996, Lewis, J.) (summary judgment denied where the defendant raised contributory negligence in a special defense and the plaintiff failed to conclusively establish the nonexistence of that material fact). See also, Veillette v. Pace, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 263211 (October 17, 1990, Nigro, J.) for the same proposition. For this reason, Metro's motion for summary judgment as against Tanz is denied.
SUMMARY JUDGMENT AS TO ELRAC
Metro moves for summary judgment against Elrac arguing that its liability is established by Tanz' failure to respond to a request to admit pursuant to Practice Book § 239. It is Metro's position that because it is a beneficiary of a rental agreement between Tanz and Elrac, pursuant to General Statute § 14-154a, Elrac is liable to Metro for damages suffered as a result of Tanz' negligence. To establish Elrac's liability Metro relies exclusively on the conclusive effect of Tanz' failure to respond to request to admit. An admission, however, is admissible only against the party who made the admission. Palombizio v.Murphy, 146 Conn. 352, 356, 150 A.2d 825 (1959). Tanz' admissions cannot be used to establish Elrac's liability. Furthermore, Elrac, too, has asserted contributory negligence as a special defense and Metro has failed to preclude this possibility by way of affidavit or other evidence. Therefore, Metro's motion for summary judgment as to Elrac is denied.
D'ANDREA, J.