[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 106)
This case arises out of a two-vehicle accident that occurred on or about September 7, 1997. The plaintiffs are Doris Negron and Mabel Mojica, and their cases have been consolidated.[1] The plaintiffs' complaints allege the following facts. Christopher Walling was driving his vehicle at an excessive speed while intoxicated on I-95 eastbound in Westport, when he struck the rear of the leased vehicle that Victor Mojica was driving and in which Christopher Colon was a passenger. Victor Mojica, Christopher Colon, and Walling all died as a result of the accident.
According to the lease agreement, dated April 24, 1997, a Ford Explorer was leased by Victor and Mabel Mojica from Miller Ford, Inc., in Fairfield, Connecticut. The defendant, Ford Motor Credit Company, was the "holder" of the lease. The lease contained an option to purchase at the end of the two-year term. The lease also required the lessees, the Mojicas, to provide automobile liability insurance for the vehicle with minimum limits for bodily injury or death of $100,000 for any one person and $300,000 for any one accident. Furthermore, the lease specifically stated that the lessor would not provide vehicle insurance or liability insurance. The estate of Victor Mojica and other claimants allegedly have negotiated a settlement with the insurer of Walling (the tortfeasor), Progressive Insurance Company, which has exhausted the limit on that policy.
On January 19, 2000, the defendant filed a motion for summary judgment with an accompanying memorandum. The defendant has attached a certified copy of the police report and a copy of the lease agreement. In March, 2000, the plaintiffs filed memoranda in objection to the defendant's motion. The plaintiffs have attached an affidavit of the legal assistant involved in the representation of the Colon estate, Ford's answers to interrogatories, and a copy of the lease agreement.
Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). CT Page 8763
The defendant moves for summary judgment on the ground that it is not legally obligated to provide uninsured/underinsured motorist coverage to the plaintiffs. Specifically, the defendant argues that it is not the "owner" of the leased vehicle for purposes of insurance because of the definition provided by General Statutes § 38a-363 (d)[2] and, therefore, is exempt from the requirements of General Statutes §38a-371.[3] Section 38a-371 requires every automobile liability policy to provide uninsured/underinsured motorist coverage in accordance with General Statutes § 38a-336.[4]
In opposition to the motion, the plaintiffs argue that there is a genuine issue of material fact as to whether the defendant is a self-insurer[5] for purposes of General Statutes § 38a-371. On behalf of this assertion, the plaintiffs have submitted, with their memoranda in opposition to the motion for summary judgment, the following three items as evidence that there is a material fact in issue. First, the plaintiffs contend that the defendant's answer to the complaint contains an admission as to the ownership of the leased Ford Explorer.[6]
Second, the plaintiffs have submitted a portion of the defendant's responses to the plaintiffs' interrogatories which the plaintiffs maintain is an admission of the defendant being self-insured.[7]
Third, the plaintiffs submit an affidavit from a paralegal in the plaintiffs' counsel's office stating that the defendant's counsel admitted the defendant was self-insured during a phone conversation.[8]
Furthermore, Negron's complaint expressly alleges that the defendant is self-insured pursuant to General Statutes § 14-129.[9]
Our Appellate Court has held:
 "A `genuine' issue has been variously described as a triable, `substantial' or `real' issue of fact . . . and has been defined as one which can be maintained by substantial evidence. . . . Hence, the genuine issue' aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . ." (Citations omitted; internal quotation marks omitted.) Craftsmen, Inc. v. Young, 18 Conn. App. 463, 465, 557 A.2d 1292, cert. denied, 212 Conn. 806, 561 A.2d 947
(1989).
and a "material" fact has been defined as a fact which will make a difference in the result of the case. Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). Although the party CT Page 8764 seeking summary judgment has the burden of showing the non-existence of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998). The existence of the genuine issue of material fact must be demonstrated by counter affidavits and concrete evidence. Pionv. Southern New England Telephone, 44 Conn. App. 657, 663, 691 A.2d 1107
(1997). To take advantage of admissions, the requests and the answers thereto should be introduced into evidence. Larson v. Fazzino,216 Conn. 431, 433 n. 4, 582 A.2d 179 (1990). Practice Book section 17-46
sets forth three requirements necessary to permit the consideration of material contained in affidavits submitted in a summary judgment proceeding. The material must: (1) be based on personal knowledge; (2) constitute facts that would be admissible at trial; and (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit. Barrett v. Danbury Hospital, 232 Conn. 242, 251,654 A.2d 748 (1995). In a summary judgment motion, the parties are entitled to consideration, not only of the facts presented by their affidavits, but of the inferences which could be reasonably and logically drawn from them as well. De Dominicis v. American National Fire Ins.Co., 2 Conn. App. 686, 687, 483 A.2d 616 (1984).
In addition, while deciding a motion for summary judgment, the trial court must observe that the party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. Witt v. St. Vincent's Medical Center, supra,252 Conn. 368. The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. Miller v. United Technologies Corp., 233 Conn. 732,751-52, 660 A.2d 810 (1995). Equally well settled is that the trial court does not sit as the trier of fact when ruling on a motion for summary judgment. Rather, the court's function is to determine whether any such issues exist; Harvey v. Boehringer Ingelheim Corp., 52 Conn. App. 1, 5,724 A.2d 1143 (1999). Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. Miller v. UnitedTechnologies Corp., supra, at 751.
In Simpson v. Varvella, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338240 (February 6, 1998, Skolnik, J.) (21 Conn.L.Rptr. 349), the court, in denying a municipality's motion for summary judgment, stated that
 "a self-insured entity is not required to provide uninsured motorist coverage pursuant to § 38a-336
CT Page 8765 . . . [The] decisions do not [, however,] go so far as to preclude recovery by a plaintiff under a self-insured policy of an entity which has chosen to carry uninsured coverage at the time of an accident. . . . Based on the evidence presented by the plaintiff, a material issue of fact remains in dispute as to whether such coverage was provided here by the city to the plaintiff." Simpson v. Varvella, supra, 21 Conn.L.Rptr. 350.
and in George v. Allstate Ins. Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 368984 (July 17, 1998, O'Keefe, J.) (22 Conn.L.Rptr. 450), the court, in denying
 a car rental agency's motion for summary judgment, stated: "When the legislature allowed self insurance it is clear that they did not want to create a separate group of insurers with different responsibilities to the public. They clearly expressed this intent when they drafted the definition of insurers in Conn. General Statutes § 36a-363 (b). Self-insurers are subject to the same requirements as insurance companies licensed to write insurance policies." George v. Allstate Ins. Co., supra, 22 Conn.L.Rptr. 451.[10]
Applying the principles above to the present case, the defendant has not met its burden of showing the absence of any genuine issue of material fact while the plaintiffs have raised sufficient questions that should be determined by a trier of fact. Summary judgment is inappropriate here because there is a genuine issue of fact so material that it would make a difference in the case; see Hammer v. Lumberman'sMutual Casualty Co., supra, 214 Conn. 578; that is, whether the defendant would be exempt from liability as a nonowner under General Statutes § 38a-363 (d) or is obligated to meet the requirements of General Statutes § 38a-371 because it is self-insured under the definition of General Statutes § 38a-363 (b). Moreover, if there is a genuine issue as to whether the defendant was self-insured, then there is an issue in dispute as to whether the defendant carried uninsured/underinsured motorist coverage. See Simpson v. Varvella, supra, Superior Court, Docket No. 338240. The plaintiffs have introduced counter affidavits and evidence to take advantage of the defendant's admissions. See Larson v.Fazzino, supra, 216 Conn. 433 n. 4. This court can draw the reasonable and logical inference from the plaintiffs' evidence that the defendant may have been self-insured as to the vehicle leased to the Mojicas at the time of the accident; see De Dominicis v. American National Fire Ins.Co., supra, 2 Conn. App. 687; and, therefore, it is necessary to have CT Page 8766 further findings of fact.
Accordingly, the defendant's motion for summary judgment is herebyDENIED.
MELVILLE, J.